## J. D. BURNS ET AL. v. H. H. HOFFMAN.

[Abstract Kentucky Law Reporter, Vol. 3—696.]

**Construction of Will.**

    Under the provisions of a will providing "That * * * the tract of land on which I now live * * * is to be retained as a home for my own family * * * and that the farm on which I live shall not be disposed of under any circumstances, if it can be, until my youngest child shall become of age, and then it may be sold or divided as my children may agree," and "That my wife and children shall have the use and benefit of my house and home tract of land for their mutual support and the education of my children * * * during the life of my wife," it was held, where the children have all arrived of age, that the creditors of the widow and some of the children may subject the undivided interests possessed by each to the payment of their claims.

**Homestead.**

    Where a widow, by the will of her husband, is given a life estate in certain lands and liens on the land, keeping house with her children, she is entitled to claim dower in the land as against creditors.

### APPEAL FROM OWEN CIRCUIT COURT.

February 28, 1882.   March 19, 1882.

OPINION BY JUDGE PRYOR:

E. F. Burns died leaving a last will and testament, his widow and three children surviving him, two of whom are now living and both adults. The widow and children becoming involved in debt, their creditors having had returns of nulla bona on their several executions, are now seeking to subject an estate, or the income therefrom devised to the widow and children, to the satisfaction of their demands.

The second clause of the will reads: "That all the means I have be concentrated and collected together as fast as possible, and applied in payment of the tract of land on which I now live, and that is to be retained as a home for my own family; that my father-in-law, Thomas Seale, have a home with them as a member of the family, and that the farm on which I live shall not be disposed of under any circumstances, if it can be, until my youngest child shall become of age, and then it may be sold or divided as my children may agree."

By the fourth clause he provides "That my wife and children shall have the use and benefit of my house and home tract of land for their mutual support and the education of my children, sharing alike as a family combined during the life time of my wife, or so long as she remains a widow, but upon her marriage or death the benefit arising from the farm to be as equally shared by my children."

The widow of the testator and his son, J. D. Burns, are both involved, and the chancellor has subjected their interest in the land during the life of the widow to the payment of their debts. The interest of the son in remainder has long since been sold to pay creditors, and the widow and son are jointly liable for the debts to satisfy which this judgment was rendered. Helen, the daughter, is not liable for these debts and it is urged in argument that a sale of the interest of the widow and son in the estate is not only in contravention of the will, but will result in a division of the land, and the eviction of the unmarried daughter.

These parties are all adults, fully competent to contract, with the right to control this estate, using or disposing of it as they may think best. It would, it is true, require joint action on the part of all interested to dispose of the absolute estate; still it by no means follows that their respective interests may not be subjected to the payment of their debts. It is not within the power of one joint tenant to sell and convey the absolute estate, yet his interest may be sold to satisfy his debts; nor can the beneficiary ordinarily dispose of the trust fund, but the chancellor will seize the income therefrom and in some instances the fund itself to pay his debts. The will in effect gives the estate to the widow for life, burdened with the support and education of his children and with the right to use the estate in common, and certainly should not be construed as requiring the children to remain with the widow on the farm after they have arrived at full age to enable them to realize or enjoy the benefits resulting to them from the devise. They could not evict their mother, but when the prime object of the will has been accomplished, viz.: the support and education of the children, and while Helen is entitled to her full share in the land, we perceive no reason for denying all relief to creditors when these parties own an estate sufficient to satisfy their demands.

If the wiodow is regarded as a trustee for the children it can

not affect the question here. They have a direct interest in the land or its profits and can compel the widow to apply the same to their use. She has no power to exclude the children from the enjoyment of the estate; and the chancellor, where the parties are all competent to contract and with the right to use or enjoy the estate, would be reluctant to recognize a sale that would exempt such estate from the payment of their debts. A beneficial interest was devised to the widow and children in this land, and with such an interest there is no doubt but that the claims of creditors can be successfully asserted against it.

In the case of *Samuel v. Ellis,* 12 B. Mon. (Ky.) 479, the will of Ellis provided "That my farm on which I now live be sold and all the residue of my estate which is not named in the will and the proceeds equally divided amongst all my children, except my son Ottoway's, and my daughter, Nancy's part—their portion shall remain in the hands of my executors to be disposed of as they may think best for them and their heirs." It was held that the creditors of Ottoway could subject the fund in the hands of the executors to the payment of their debts.

In the case of *Eastland v. Jordan,* 3 Bibb (Ky.) 186, a negro was transferred to Jordan by deed in trust that the proceeds of his hire should be applied to the maintenance of Goodrich Lightfoot during his life. The negro was sold to pay the debts of the beneficiary. The question arising in this case about which much trouble arises is, What interest have these parties, and to what extent can such interest be subjected?

The widow, Mary E. Burns, claims a homestead, which, if she is entitled to it, can not be sold. It is argued here that she is not entitled because there is no proof that she was a housekeeper with a family. We find from the facts in the petition, that Mrs. Burns and her daughter were in the occupancy of this land, living upon it at the institution of the action, and if so we see no reason why she is not entitled to a homestead as against her creditors. She is under a natural and moral obligation to provide for and maintain her daughter, and the fact that the daughter is an adult and entitled to an interest in the land can make no difference. See *Brooks v. Collins,* 11 Bush (Ky.) 622. Adopting the view taken by counsel for the appellee, that she is entitled to a life estate in the land with the burden of sup-

porting and maintaining the two children, as against her creditors, she is entitled to a homestead not exceeding in value $1,000.

The chancellor should first allot to Ellen one-half the land as if no homestead existed upon it, and the other half to the son or the purchaser from him.   When this is done the homestead should be carved out of each parcel, throwing it together, if practicable, so as to equal in value the $1,000 and to include the dwellings.   The remainder interest of the son in his half having been sold, the life estate of the mother in so much of this half as is not embraced in the homestead may be sold to satisfy these creditors.   If Thomas Seale is living the life estate of the widow in that part of the land to which the son or his creditors are entitled must bear its portion of the burden of supporting him. This the purchaser who buys the life estate must obligate himself to pay, and the chancellor can fix the proportion and require payment by rule at such times as may be designated by the judgment.

The judgment below is *reversed* and cause remanded for further proceedings consistent with this opinion.   It is manifest that the daughter is entitled to a support out of this land, as the mother takes it subject to that burden.   The one-half, after giving ing to the mother the homestead as directed, will not be more than sufficient for that purpose.

*Barrett & Brown, Lillard & Hallam, for appellants.*
*Evan E. Settle, for appellee.*