CASE 109—SHERIFF'S COMMISSION—December. 1.

# Pendleton County v. McMillan.

APPEAL FROM, PENDLETON CIRCUIT COURT.

SHERIFF'S COMMISSIONS—COUNTY REVENUE.—Under section 1729 of the Kentucky Statutes fixing the sheriff's commission at 10 per cent. upon the first $5,000, and 4 per cent upon the residue, all the taxes levied by the county constitute, in the aggregate, but one fund in estimating the sheriff's commission.

FELIX C. NEWMAN FOR APPELLANT.

On commissions allowed sheriff: Ky Stats., sec. 1729; Henry v. Hillock, 12 Ky. Law Rep., 795; Little v. Marshall County, 13 Ky. Law Rep., 969.

S. M. LOOMIS, ALSO FOR APPELLANT.

The sheriff for collecting the county revenue shall receive ten per cent. upon the first $5,000 and 4 per cent. upon the residue. Ky. Stats., sec. 1729. And "revenue" includes all taxes and assessments imposed by public authority. Webster v. People, 98 Ill., 347; Potwin v. Johnston, 106 Ill., 533; Henry v. Hillock, 12 Ky. Law Rep., 795; Little v. Marshall County, 13 Ky. Law Rep., 969; Ky. Con., secs. 161, 162.

LESLIE T. APPLEGATE FOR APPELLEE.

The turnpike tax constituted an entirely separate fund levied under special act and is not to be included in the aggregate of the county assessment.

W. H. HOLT, also for appellee, on the same point, cited Ky. Stats., secs. 931, 1729; Dauce v. Pendleton County Court, 5 Ky. Law Rep., 234; Acts 1878, vol. 1, p. 529; Acts 1885-6, vol. 1, p. 1152; sec. 4; Vaughan v. Hickman County, 3 Ky. Law Rep., 696.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellee, McMillan, as sheriff of Pendleton county, collected all the taxes which were levied by the fiscal court for the year 1895. He collected sums as follows, to-wit:

Pendleton County v. McMillan.

Turnpike taxes, $18,119.12; pauper taxes, $2,288.74; county levy, $2,479.46; poll taxes, $3,610.50. The commissioners appointed for that purpose made a settlement with him, in which he was allowed as commissions for collecting the turnpike taxes ten per cent. on $5,000 of it, and four per cent. on the balance. He was also allowed ten per cent. commission for collecting each of the other funds or amounts named. It is insisted in behalf of the county that the total sum collected was the county revenue for that year, and that he was only entitled to ten per cent. on the first $5,000 collected, and four per cent. on the balance of it. On the other hand, it is insisted that he was entitled to the amount allowed him by the commissioners who were appointed to make the settlement with him. If the theory of the county be correct, he was allowed in the settlement $502.74 in excess of the amount to which he was entitled under the law. Section 1729, Ky. Stat., reads as follows: "The sheriff, for collecting the county revenue, ten per cent. upon the first five thousand dollars, and four per cent. upon the residue. . . ." The turnpike taxes were collected under a special act of the Legislature, passed in 1878, and acts amendatory thereof. By the terms of the act as amended, all funds raised under its provisions are to be held exclusively for turnpike purposes. It is argued that because the taxes collected were for specified purposes, and from the sources named, each must be treated as a distinct fund, in fixing the commissions to which the sheriff is entitled for collecting them. All the taxes collected by him were collected as the revenue of the county of Pendleton for the year 1895. The mere fact that they were collected for special purposes or from different sources, and separate accounts of them kept, does not alter the fact that the sum total is the revenue of the

county. All the taxes collected, except the poll tax, was an *ad valorem* tax; and it seems to us that one of the funds collected can no more be regarded as the county revenue than can either of the others which he collected. It certainly can not be that the Legislature intended, where the county authorities were authorized to levy and collect taxes, that they should be classified for the purpose of allowing the sheriff ten per cent. on the first $5,000 collected of each of the funds so classified. The effect of the settlement is to give the sheriff ten per cent. commission on about one-half of the total tax collected, instead of $5,000, as provided by the statute. The Superior Court, in Henry, Sheriff, v. Hillock, Treasurer, 12 Ky. Law Rep., 795, and Little v. Marshall County Court, 13 Ky. Law Rep., 969, took the same view of the statute; likewise did this court in Vaughn v. Hickman County Court, 3 Ky. Law Rep., 696. It was held in Montgomery County Court v. Chenault, 20 Ky. Law Rep., 709 [47 S. W., 457], that "all the taxes levied by the county constitute one fund, and are to be taken in the aggregate in counting the commissions to the sheriff." It is suggested that, if the sheriff is not allowed the commissions as claimed, the office is unprofitable, and a capable man can not afford to accept it. Whether this be true or not is not a question before us. If it is true, the law-making power of the State should be asked to enact a law which will give collectors of county revenues suitable compensation. The judgment is reversed for proceedings consistent with this opinion.