CASE 14—SHERIFF'S SETTLEMENT— OCT. 12.

# Pence's Administrator v. Nelson County.

APPEAL FROM NELSON CIRCUIT COURT.

1. SHERIFF'S COMMISSION—SEPARATE FUNDS.—A Sheriff is not entitled to commissions on separate funds according to the statutory sliding scale. Accordingly, the sheriff of Nelson county is not entitled to have his commission estimated separately on the court-house fund collected on a levy made for that purpose.

2. SHERIFFS—PENALTY FOR NON-PAYMENT.—Under section 4147 of the Kentucky Statutes the sheriff is required to pay a penalty of six per cent. on all collectible, but uncollected, taxes, and on all taxes collected but not paid over on proper demand on the first day of January in each year after he was required to collect such taxes; but he is not delinquent unless the county had made an order directing such payment. The fact that there was in existence an apparent official acting as county treasurer, when there was no law authorizing such office, created no duty of payment on the sheriff's part.

C. T. ATKINSON AND JOHN S. KELLEY FOR APPELLANT.

1. There was no legal order to pay the funds over to any one, and no one authorized to receive same. Hence there was no right to a penalty against the sheriff.

2. The sheriff was entitled to have his commission estimated separately on the court-house fund.

    Citations: Ky. Stats., secs. 4146, 4147, 1874, 1876, 938, 932, 4148, 1884, 1880, 1877; Genl. Stats., ch. 27, art. 3, sec. 9; Owens v. Ballard County Court, 8 Bush, 613; 12 Ky. Law Rep., 795.

N. W. HALSTEAD FOR APPELLEE.

1. It was the duty of Pence to pay the funds in his hands to J. W. Muir who was *de facto* county treasurer.

2. The sheriff was only entitled to commission on funds in the aggregate.

    Citations: Ky. Stats., 4147; Mechem on Public Officers, secs. 317, 318, 319, 328; Stokes v. Kirkpatrick, 1 Met., 142; 12 Ky. Law Rep., 795; Little v. Marshall County Court, 13 Ky. Law Rep., 969.

Pence's Admr. v. Nelson County.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The late A. D. Pence was sheriff of Nelson county, and the fiscal court of the county made a levy for the purpose of erecting a court house, and the fund was collected by him as sheriff of the county, with the other revenues of the county.

Two questions are involved on this appeal:

(1) What commission was Pence entitled to for collecting the court-house fund?

(2) Was he liable for the penalty of 6 per centum upon such part of that fund which remained in his hands on the 1st day of January, etc.?

On the first proposition it is contended that the court-house fund was separate and distinct, and that he was entitled to 10 per centum commission on the first $5,000 of it, and 4 per centum on the balance; but this court, in Pendleton Co. v. McMillan, 20 Ky. L. R., 1017, [48 S. W., 154], held that as sheriff is not entitled to 10 per centum commission on the first $5,000 of taxes collected belonging to each fund into which the county levy may be divided, and that all the taxes levied by the county constitute one fund, and are to be taken in the aggregate in ascertaining the commission of the sheriff. This opinion is supported by the adjudged cases of this court therein cited. So, in our opinion, the court below properly adjudged that he was only entitled to 4 per centum on the funds remaining in his hands.

The Kentucky Statutes provide for the office of county treasurer in each county, and prescribe his powers and duties, etc. As to whether or not a county treasurer shall be appointed depends upon the will of the fiscal court. (Section 938, Kentucky Statutes). Since the enactment of this law (found in the Kentucky Statutes)

the fiscal court of Nelson county, so far as this record shows, has never provided for a county treasurer, hence no one seems to have been appointed or qualified as such; but it does appear in evidence that for years before the enactment of the present statute the county court of Nelson county recognized J. W. Muir as treasurer, as shown by orders of that court directing him, as treasurer, to pay out certain funds.

A sheriff is required (section 1878, Kentucky Statutes) to give bond that he will pay over the "tax in due time to the person or persons as the court may direct."

Section 4147, Kentucky Statutes, reads as follows:

" . . . The sheriff or collector shall be required by the fiscal court to pay a penalty of six per centum on the amount of all taxes levied by the said court that shall be uncollected, if collectible; or if collected, shall not have been paid by him on proper demand to the parties or funds entitled thereto on the first day of January in each year after he was required to collect such taxes, which penalty shall inure to the benefit of the county. . . ."

The fiscal court of Nelson county failed to make any order directing the sheriff to pay the money in his hands which he had collected to any person. He did not pay all the money which he had collected on account of the court-house fund by the 1st of January after it was collected, and it is insisted here that he should pay the penalty of 6 per centum. This is a highly penal provision of the statute. As there was no order of court directing him to pay out this money, there was no proper demand by the parties to whom it was coming; hence he was not liable for the penalty. If the treasurer had been duly appointed under the statute, and executed bond as required

by law, then he would have incurred the penalty for his failure to pay the money to the treasurer. The mere fact that Muir was assuming to act as treasurer of the county did not make it proper for the sheriff to pay him the funds in his hands, and his failure to do so did not impose any liability for the 6 per cent. penalty. Neither would a demand by Muir have been one in contemplation of law. The law did not impose an obligation upon Pence to pay this money to one not authorized to receive it. He was only under obligation to pay it to such person or persons as were authorized to demand it.

It is insisted that Muir was a *de facto* officer; therefore was entitled to receive the money. Before the enactment of the present law, so far as we are aware, there was no law creating the office of county treasurer. There was no such official position as county treasurer.

It is not necessary for us to discuss the question of what would have been the effect had Pence paid the money to Muir, and the county had questioned his right to do so. In that state of case the question of *de facto* officer might have arisen; but, as the matter stands, he was not directed to pay it to Muir, and was not obligated to do so under the law. The fact that Muir may have received money from Pence and receipted for it as treasurer of the county, could not have any bearing upon the question in this case. The fact that he so received money would not create a right in him subsequently to demand and receive other moneys from Pence.

The judgment is reversed for proceedings consistent with this opinion.