CASE 58.—ACTION TO SURCHARGE SHERIFF'S SETTLEMENT—JAN. 24.

112   527
127   383
f127  386

# Little v. Strow, &c.

### APPEAL FROM MARSHALL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.    AFFIRMED.

SHERIFFS—EXCEPTIONS TO SHERIFF'S REPORT OF SETTLEMENT OF TAXES
COLLECTED—ACTION TO SURCHARGE SETTLEMENT—SHERIFF'S COM-
MISSIONS FOR COLLECTION OF TAXES.

Held: 1. Under Kentucky Statutes, section 4146, providing that the
report of settlement made with a sheriff by the commissioner
of the court "shall be filed in the county court clerk's office and
be subject to exceptions by the sheriff or county attorney, who
shall represent the Commonwealth and county, and the county
court shall try and determine such exceptions," no person ex-
cept the sheriff or the county attorney can file exceptions to the
sheriff's settlement; and therefore the remedy of any other per-
son is a suit in equity to surcharge the settlement.
2. As all taxes levied by a county constitute one fund, and must
be taken in the aggregate in estimating the commission due the
sheriff for collecting, the sheriff is only entitled to a commission
of ten per cent. upon the first $5,000 of the gross county taxes
collected by him, including a tax levied by the county court to
pay a subscription of a district in the county in aid of a railroad.

REED, GREER, OLIVER & REED, FOR APPELLANT.

J. H. Little as sheriff of Marshall county collected taxes from
the tax payers of Civil District No. 6 of said county which in-
cludes the town of Benton for the years 1895-96 and 97, which
district had voted and subscribed for $15,000 of stock in the
Paducah and Tennessee Railroad for which subscription bonds
had been issued.    A levy having been duly made to pay the in-
terest on said bonds, for each of said years, and each year he
made a settlement with the commissioner appointed by the fis-
cal court for said district of said taxes as provided by section
4146 Kentucky Statutes.    To these reports of settlements, appel-
lees filed exceptions which were tried and overruled by the
county court, and from the judgment of the county court appel-
lees prayed an appeal to the circuit court which was thereafter
dismissed on their motion, without prejudice, and on June 2,
1899, appellees instituted this action in the Marshall circuit
court to surcharge and correct a certain error in said settlements.

Appellant demurred to appellee's petition and amended peti-
tion, which was overruled and then filed answer and amended
answer, to which appellee filed demurrer which was sustained by
the court.

Appellant insists that his demurrer to plaintiff's petition and
amended petition, and to the original jurisdiction of the court
below, should have been sustained.     Appellant also insists that
the judgment of the court is erroneous because the taxes col-
lected by him from civil district No. 6, was no part of the county
revenue and should not have been considered as such, in com-
puting his commission in collecting same.    He claims that his
commission should be computed separately upon the district
taxes.  Bell v. Henshaw's Exr., 91 Ky., 432; Turley's Admr. v.
Barnes, 19 R., 1808.

L. P. PALMER, ATTORNEY FOT APPELLEES.

The only possible chance for the appellant to win, in this case,
is the fact that part of the taxes was levied for a certain
civil district, and for that reason is not a part of the county
revenue.     We think this question is conclusively settled in our
favor in the case of McLean Co. Precinct v. Depoosit Bank of
Owensboro, 81 Ky., 254, and Greenwell v. Com., etc., 78 Ky., 320.
See also 4 Ky. Law Rep., 724; 3 Ky. Law Rep., 696; 12 Ky.
Law Rep., 795; 20 Ky. Law Rep., 704 and 1017; 21 Ky. Law
Rep., 724; 13 Ky. Law Rep., 969; 5 Bush, 225; 10 Bush,
136; 75 N. W. Rep., 25.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

By virtue of a provision of the charter of the Paducah
& Tennessee Railroad Company, civil district No. 6, in
Marshall county, which embraces the city of Benton and a
small contiguous territory outside of the city, subscribed
for 150 shares of the capital stock of the railroad com-
pany, and issued bonds in payment thereof.  The rail-
road charter provided that, if any civil district in any
county should subscribe to the capital stock of the rail-
road company, the county court in which such subscription
was made by any civil district should make an annual
levy on the taxpayers of the district, and on all property

liable to taxation under the revenue laws of the State, sufficient to pay the interest on the bonds as it matured, and the cost of collecting the same, and should appoint a collector, and have the tax collected and applied to the payment of the interest on the bonds; and, when the bonds became due and payable, they should in like manner levy and have collected a tax to pay the bonds themselves, and the cost of collecting the tax.    By virtue of this provision of the railroad charter an annual tax was levied by the county court of Marshall county to meet the interest on the bonds, and accumulate a redemption fund for the payment of the bonds at maturity, during the years 1895, 1896, and 1897.    During these years the appellant, J. H. Little, was the sheriff of Marshall county, and collected the tax so levied upon the property and taxpayers of district No. 6, amounting in the aggregate to $3,635.06.    During the same years he collected the ordinary county levy and revenue proper from the whole county, which aggregated $31,382.46; and for each of these years he made a settlement with the commissioner appointed for the purpose by the fiscal court of Marshall county, as provided by section 4146 of the Kentucky Statutes.    In these settlements he was allowed by the commissioner for collecting the county revenue proper 10 per cent. upon the first $5,000, and 4 per cent. upon the residue; and he was further allowed a commission of 10 per cent. upon the entire amount collected upon the tax levy upon district No. 6, as the aggregate amount of the tax was less than $5,000,—both the sheriff and commissioner treating the district tax as wholly distinct from the county levy.    In June, 1899, appellees, citizens and taxpayers of civil district No. 6, instituted this suit against the

sheriff, seeking to recover for the use and benefit of the district the difference between 4 and 10 per cent. upon the gross amount collected by appellant for the three years, which they allege was allowed by the commissioner of the fiscal court in violation of law. The defendant admitted that he had collected, as sheriff, the tax levied by the county court upon civil district No. 6, as charged, and that he had been allowed, as compensation upon the gross amount so collected, in addition to the fees authorized by section 1729 of the Kentucky Statutes for the collection of the county revenue, 10 per cent. upon the amount of tax so collected by him for each year, and claims that this tax was a wholly separate and distinct levy from the original county revenue, and was properly so considered in the settlements made by him with the commissioner of the fiscal court, and that he was entitled to the compensation allowed. He also pleads as an additional defense that, when the report of settlement made by him was filed by the commissioner in the county clerk's office, appellees appeared and filed exceptions to so much of his allowance as exceeded 4 per cent. upon the gross amount collected by him, which exceptions were heard and overruled by the county court, and that appellees prosecuted an appeal from the judgment of the county court overruling these executions to the Marshall circuit court, and that they thereafter dismissed this appeal on their own motion, without prejudice; and it is contended for appellant that the law afforded to appellees two remedies to correct the alleged errors complained of: One was to file exceptions to that part of the settlement which they complained of, and to have them tried, and, if not satisfied with the judgment of the county court, to appeal to the circuit court; and the other remedy was not to appear in the county

court at all, but to institute a suit in equity to surcharge
and correct the errors complained of; but that both reme-
dies did not exist, and, having elected to proceed by ex-
ceptions filed in the county court, they were estopped
from resorting to a bill in equity.    And to support this
contention we are referred to the cases of Bell v. Hen-
shaw's Ex'rs, 91 Ky., 432, 12 R. 674, 15 S. W., 3, and Tur-
ley's Adm'r v. Barnes, 103 Ky. 127 (19 R., 1808) (44 S. W.,
446).

We will first consider the last defense.    Both of the
cases referred to were decided under section 978 of the
Kentucky Statutes, which provides that "from all judg-
ments and orders of the county court in the settlement of
the accounts of personal representatives, assignees, guar-
dians, trustees, curators and other fiduciaries, appeals
may be taken to the circuit court."    This section has no
application to the settlements made by sheriffs.    They
are regulated by the provisions of section 4146, and this
section is materially different from section 978.    It pro-
vides that the report of settlements made with sheriffs by
the commissioner of the court "shall be filed in the coun-
ty court clerk's office and be subjected to  exceptions by the
sheriff or county attorney, who shall represent the Com-
monwealth and county, and the county court shall try
and determine such exceptions.    An appeal may be pros-
ecuted by either party. from the judgment of the county
court in the same manner as provided by law in appeals
from judgments of the quarterly court.    Or actions may
be instituted in any court of competent jurisdiction to
correct the settlement."    Under this statute nobody can
file exceptions to the settlements made by sheriffs, except
the sheriff or the county attorney; but the statute pro-
vides that even if the county attorney shall file such ex-

ceptions, and they are heard and determined in the county court, he may appeal from the judgment to the circuit court, or action may be instituted in any court of competent jurisdiction to correct the settlement by any party in interest. It is clear that under this statute appellees had no right to go into the county court and except to the sheriff's settlements. Their only remedy was to institute a suit in equity to correct and surcharge the items objected to. We are therefore of the opinion that the proceedings in the county court constitute no bar to the prosecution of this suit.

We will now consider the other ground of defence relied on. "The sheriff by virtue of his office is the collector of all State, county and district taxes, unless the payment thereof is by law specially directed to be made to some other officer." See section 4129 of the statutes. It has been frequently decided by this court that all tax levied by the county constitute one fund, and must be taken in the aggregate in estimating the commission due a sheriff. This includes taxes levied to pay the subscription of a district in a county in aid of a railroad. See Anderson v. Thompson, 73 Ky., 132; County Court v. Chenault (20 R. 704) 47 S. W., 457; Pendleton Co. v. McMillin (104 Ky., 816, 20 R., 1017) 48 S. W., 154. It follows that appellant was only entitled to a commission of 10 per cent. upon the first $5,000 of the gross county taxes collected by him, including that levied by the county court to pay the railroad tax due by the district. The trial court has very properly apportioned the 10 per cent. commission upon the first $5,000 between the taxes collected by appellant from the whole county and that collected from district No. 6.

Perceiving no error in the judgment appealed from, it must be affirmed.

Response to petition for rehearing by Judge Burnam:

As the purchasers of the property are not before us on this appeal, the court declines to pass on their rights, or to determine whether the sale was void, or merely voidable. Petition overruled.