CASE 34.—ACTION BY GREEN COUNTY AGAINST A. W. HOW-
ARD TO SURCHARGE HIS SETTLEMENT AS TAX
COLLECTOR.—November 2.

# Green County v. Howard

127 379
f129 59

127 379
d136 428

Appeal from Green Circuit Court.

I. H. THURMAN, Circuit Judge.

From a judgment sustaining defendant's demurrer
to the petition plaintiff appeals—Reversed.

1.  Judgment—Matters Concluded.—Ky. Stats., 1903, section 4146,
    provides that the report of a tax collector's settlement for
    taxes collected due a county shall be subject to exceptions
    by the sheriff or county attorney, and that an appeal may be
    prosecuted by either party from the judgment on such settle-
    ment. Held, That the rulings of the court, unappealed from,
    on exceptions to such a settlement, are conclusive on both
    parties, but not as to mistakes which were not discovered
    when the exceptions were filed, and these matters may be
    presented by any party in interest by a direct action to sur-
    charge the settlement.

2.  Limitation of Actions—Relief from Fraud or Mistake—Tax
    Collectors—Settlement.—An action to surchage the settlement
    of a tax collector is an action for relief from fraud or mis-
    take, under Ky. Stats., 1903, section 2519, requiring such
    actions to be brought within five years after the mistake has
    been discovered, or after it might have been discovered by
    ordinary diligence.

3.  Same—Accrual of Right of Action.—The right of action to
    surcharge a tax collector's settlement does not accrue until
    the settlement has been confirmed.

4.  Same—Necessity of Pleading—Presentation by Demurrer.—In
    an action to surcharge a tax collector's settlement, the de-
    fense of limitations must be pleaded, and can not be presented
    by a demurrer to the petition.

5.  Same—Reply—Sufficiency.—Where, in an action to surcharge

a tax collector's settlement, the defendant pleads limitations in defense, a reply which does not show facts sufficient to avoid the plea is demurrable.

6.  Same—Burden of Proof—Allegations in Pleading.—Where, in an action to surcharge a tax collector's settlement, the reply avoids the plea of limitations by showing that the fraud or mistake on which the action is based was not discovered within the period of limitations, and could not by ordinary diligence have been discovered within that time, the burden of proof as to such allegations, where they are denied, is on the person alleging them.  '

7.  Same—Avoiding Bar—Sufficiency.—In an action to surcharge a tax collector's settlement, allegations, to avoid the bar of limitations, that plaintiff could not by ordinary diligence have learned of the mistakes on which the action was based before the statutory bar had attached, were insufficient to avoid such bar, where the alleged mistakes were matters of record; the records being in the county clerk's office, and the settlement having been made in the county court.

8.  Counties—Officers—Tax   Collectors—Compensation—Statutes. —Ky. Stats., 1903, section 1884, provides that the officer collecting the county levy, shall be allowed the same compensation as officers collecting the State revenue. Section 4148 provides that a commission of 10 per cent. upon the first $5,000 and 4 per cent. upon the residue shall be allowed by the county auditor. Held, That all the taxes levied by a county in one year constituted one fund, and were to be taken in the aggregate in computing the commission due the collecting officer, on which aggregate sum he was entitled to a commission of 10 per cent. on the first $5,000 and 4 per cent. on the remainder.

NOGGLE & GRAHAM and W. G. HOWELL for appellant.

POINTS DISCUSSED AND AUTHORITIES CITED.

1. Statement of the case.

2. All the taxes levied by a county constitute only one fund, and are to be taken in the aggregate in computing the commission due the collecting officer. He is only entitled to 10 per cent. commission on the first $5,000 of taxes collected and 4 per cent. on the residue. (Pendleton County v. McMillan, 104 Ky. 816, 20 Ky. Law Rep. 1017, 48 S. W. 154; Montgomery County v. Chenault, 20 Ky. Law Rep. 704, 47 S. W. 457; Pence's Admr. v. Nelson County, 107 Ky. 66, 21 Ky. Law Rep. 500, 53 S. W. 25;

Green County v. Howard.

Little v. Strow, etc., 112 Ky. 527; 23 Ky. Law Rep. 1829, 66 S. W. 282.)

3. The settlements of a tax collector may be surcharged and corrected in an equitable action brought for that purpose. (Ky. Stats., section 4146; Comth., etc., v. McClure, 20 Ky. Law Rep. 1568, 49 S. W. 789; Comth., etc., v. Pate, 27 Ky. Law Rep. 623, 85 S. W. 1096; Bates v. Knott County, 24 Ky. Law Rep. 73, 67 S. W. 1006; Pulaski County v. Watson, etc., 106 Ky. 500, 21 Ky. Law Rep. 61, 50 S. W. 861; Fidelity & Deposit Co. v. Logan County, 27 Ky. Law Rep. 66, 84 S. W. 341; Little v. Strow, etc., 112 Ky. 527, 23 Ky. Law Rep. 1829, 66 S. W. 282.)

JEFF HENRY for appellee.

POINTS AND AUTHORITIES.

1. A settlement with the tax collector in a proceeding under section 4146 is res judicata and is binding on the county. (Pulaski County v. Watson, 21 Ky. Law Rep., 61; Fidelity & Deposit Co. of Md. v. Logan County, 84 S. W., 340.)

2. In limitations to actions for mistake the statute runs from discovery or from such times as, by the exercise of ordinary diligence the mistake ought to have been discovered. (Grundy's Heirs v. Grundy, etc., 12 Ben. Mon., 270; Wood v. James, 87 Ky. 511, 91 Ky. 639, 21 Ky. Law Rep. 394.)

3. The recording of an instrument is a circumstance which is proper to consider in determining when the discovery might be made. (83 Ky., 78.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On January 3, 1898, the office of sheriff in Green County being vacant, A. W. Howard was duly appointed tax collector to collect the county levy for that year. He qualified and gave bond, and entered upon the discharge of his duties. On October 4, 1898, a commissioner was appointed by the fiscal court to settle his accounts. The settlement was made. Exceptions were filed by the county attorney, which were heard by the court. The settlement was corrected,

approved, ·and confirmed by the Green county court
and properly recorded. On January 29, 1900, Howard
was again duly appointed and qualified as tax col-
lector of the county levy for that year, and on October
2, 1900, a commissioner was appointed by the fiscal
court to settle his accounts. The settlement was made
April 2, 1901, and was approved on ·May 13, 1901,
and ordered to record. This suit was brought on
March 3, 1906, to surcharge these settlements. It was
alleged in the petition that in the settlement for 1898
Howard was charged with the valuation of the prop-
erty as fixed by the assessor, but that the state board of
equalization had raised the assessment of the prop-
erty, and that this fact was overlooked in the making
of the settlement. In consequence, he was not charged
with the full valuation of the property, which made a
difference in the taxes of $293.30. It was also charged
that, by mistake, he was not charged with the correct
number of polls, the difference amounting to $352.50,
and that an item of back taxes collected by him had
not been charged to him at the correct amount, mak-
ing in all $629.26, which by mistake was not charged
to him in the settlement. It was alleged that this
mistake was not discovered until December 13, 1905,
and could not have been discovered before by the
exercise of reasonable diligence. Similar allegations
were made as to the settlement for the year 1900. The
defendant demurred to the petition. His demurrer
was sustained, and the county appeals.

Section 4146, Ky. St. 1903, is as follows: "Each
sheriff shall, when required by the fiscal court, settle
his accounts of county or district taxes; and at the
regular October term of each year the fiscal court
shall appoint some competent person to settle the
accounts of the sheriff of money due the county or

district.  The report of such settlement shall be filed in the county clerk's office, and be subject to exceptions by the sheriff or county attorney, who shall represent the Commonwealth and the county, and the county court shall try and determine such exceptions. An appeal may be prosecuted by either party from the judgment of the county court on such settlement, in the same manner as provided by law for appeals from judgments of the quarterly court, except that the county attorney should not be required to give an appeal bond, or actions may be instituted in any court of competent jurisdiction to correct the settlement; and the settlement, when approved shall be recorded in the county clerk's office." Construing this statute in Little v. Strow, 112 Ky. 531, 23 Ky. Law Rep. 1829, 66 S. W. 283, we said: "Under this statute. nobody can file exceptions to the settlements made by the sheriff except the sheriff or the county attorney; but the statute provides that even if the county attorney shall file such exceptions, and they are heard and determined in the county court, he may appeal from the judgment to the circuit court, or actions may be instituted in any court of competent jurisdiction to correct the settlement by any party in interest." Again in Commonwealth v. Pate, 85 S. W. 1097, 27 Ky. Law Rep. 624, we said: "It is true, as contended for by appellee, the county is barred from maintaining an action to surcharge the settlement after five years from the time when the mistake could have been discovered by the exercise of ordinary diligence; and it may be further conceded as true that, if it appeared in the case that five years had elapsed after the settlement and before this action was instituted, it would be necessary for the plaintiff, if limitation is pleaded, to allege and prove, if controverted, that the mistake

could not have been discovered by the exercise of reasonable diligence within five years next before the institution of the action. No action accrued to the county until the settlement was made, and the petition, as amended, does not disclose when it was made.'' The case of Pulaski Co. v. Watson, 106 Ky. 500, 50 S. W. 861, 21 Ky. Law Rep. 61, and Fidelity & Deposit Co. of Maryland v. Logan Co., 119 Ky. 428, 84 S. W. 341, 27 Ky. Law Rep. 66, are not inconsistent with the above. In those cases there was an attempt to attack the settlements collaterally. There had been no action filed to surcharge them as provided by the statute. This is not a collateral attack upon the settlements. It is a direct proceeding to surcharge them.

Sheriffs' settlements under section 4146, when they have been approved by the county court and ordered to record, stand just as the settlements made by personal representatives, guardians, and other fiduciaries which have been approved by the county court and ordered to record. When exceptions are filed by the county attorney to the sheriff's settlements, the action of the court in overruling or sustaining the exceptions is final and conclusive on both the parties as to matters involved in the exceptions, unless an appeal is taken as provided by the section. But, if there are other mistakes in the settlement which are not discovered by the county attorney or not presented in the exceptions filed by him, these matters may be presented by any party in interest by a suit to surcharge the settlement. If the sheriff should discover that a mistake had been made against him, he may bring a suit or, if the county finds that a mistake has been made against it, it may bring a suit. The settlement is prima facie correct. It cannot be attacked collaterally. It can only be surcharged in a

direct action to correct the mistake. But it is not the policy of the law to cut off the corrections of mistakes in the settlements; for thus great injustice would be done. The action to surcharge the settlement is an action for relief for fraud or mistake under section 2519, Ky. Stats., 1903, and must be brought within five years after the mistake has been discovered or after it might have been discovered by ordinary diligence. The right of action does not accrue until the settlement is confirmed. The settlement for 1900 was made within five years before this action was brought, and therefore, as to that settlement, the statute of limitations is not applicable. The settlement for the year 1898 was made more than five years before the action was brought; but it is held in Yager v. Bank of Kentucky, 100 S. W. 848, 30 Ky. Law Rep. 1287, and in several previous cases, that limitation must be pleaded in actions of this sort, and that the defense cannot be presented by a demurrer to the petition. The reason for the rule is that there may have been something obstructing the running of the statute. In cases of this character, if the defendant pleads limitation, and the plaintiff does not by his reply show facts sufficient to avoid the plea of the statute, the court may sustain a demurrer to the reply. If the plaintiff avoids the plea of the statute by showing that he did not discover the fraud or mistake within 5 years and could not by ordinary diligence have discovered it within that time, the burden of proof will be upon him, if these allegations are denied, to sustain them by proof. In the case at bar the alleged mistakes in the settlement for 1898 all relate to matters of record. The records were in the county clerk's office. The settlement was made in the county court. In such a case the party cannot be

heard to say that he could not by ordinary diligence have learned facts plainly shown by the record on its face. The allegation that the plaintiff could not by ordinary diligence have learned the facts in a case like this is not sufficient to avoid the statute; for, by the slightest diligence, he could have learned what the record showed. Section 1884, Ky. Stats. 1903, provides that the officer collecting the county levy shall be allowed the same compensation as officers collecting the same revenue. Section 4148 provides that the following commission shall be allowed by the auditor upon the sum collected and accounted for: "Upon the first $5,000 10 per cent. and upon the residue 4 per cent." All taxes levied by a county in one year constitute one fund and are to be taken in the aggregate in computing the commission due the collecting officer; that is, he is entitled to a commission under these statutes on the first $5,000 at 10 per cent. and on the remainder at 4 per cent. Pendleton County v. McMillan, 104 Ky. 816, 20 Ky. Law Rep. 1017, 48 S. W. 154; Pence v. Nelson, 107 Ky. 66, 53 S W. 25; 21 Ky. Law Rep. 724; Little v. Strow, 112 Ky. 527, 66 S. W. 282, 23 Ky. Law Rep. 1829; Montgomery Co. v. Chenault, 47 S. W. 457, 20 Ky. Law Rep. 704.

Judgment reversed and cause remanded, with directions to the circuit court to overrule the demurrer to the petition, and for further proceedings consistent herewith.