## CRUTCHFIELD vs. WOOD.

1. If a collector, before demand or notice, pays over to the treasurer taxes, received by him under color, but without authority of law, such payment will discharge him from all liability to the party by whom they were paid.

Error to the Circuit Court of Benton. Tried before the Hon. J. J. Woodward.

This was an action of assumpsit by the plaintiff against the defendant in error to recover from him a sum of money, which the defendant, as tax collector of Benton county, had in the years 1846 and 1847, collected from him, without authority of law. By the bill of exceptions it appears, that the plaintiff was a non-resident, owning slaves in this State, and that the defendant collected as a tax upon these slaves an excess of $13 25 in 1846, and of $42 45 in 1847, over and above the legal assessment. It appears further that the defendant paid over the entire tax collected in 1846, including the excess, to the treasurer of the State, without demand, or notice from the plaintiff not to do so, but that he received notice before he paid over that of 1847. The court charged the jury that under the proof, they could only find for the plaintiff the amount of the excessive tax collected by the defendant in 1847, with interest, and that they must find for the defendant as to the

Crutchfield v. Wood.

excessive tax collected in 1846. To this charge the plaintiff excepted and now assigns it as error.

Rice & Morgan, for plaintiff in error:

1. Wiley v. Parmer, 14 Ala. Rep. 627, seems to be conclusive of this case.

2. Where a person has paid money, merely to avoid a distress, *e. g.* under any sort of legal compulsion, or compulsion under color of legal right, and the agent has received it under the color of process by an excess of authority, it may be recovered back, though the agent has paid it over, and no notice has been given him to retain it.—See Livermore on Agency, 2d vol. 263; Snowden v. Davis, 1 Taunton, 359; Stevens v. Goodell, 3 Metc. Rep. 34. Such a case is distinguishable from a case where there is no excessive assumption of authority and the payment is made voluntarily, or in mistake of law or fact.

J. B. Martin, for the defendant :

1. The general principle governing the personal responsibility of agents for private persons to third parties is, that if the agent contracted as such, believing that he had authority, and credit was given to his principal alone, he, (the agent) is not responsible.—Story on Ag. 255; Paley on Ag. 368, 369; Kent's Com. 629, 630; 15 Johns. 1; 13 ib. 58; 11 Mass. 97; 16 J. B. D. 561; Upchurch v. Norsworthy, adm'r, 15 Ala. Rep. 705.

2. As to cases where money has been paid over before notice.—See Story Ag. 303–4; Paley on Ag. 388–9; 1 Wend. 173.

3. But a more liberal principle even than this is settled as to public agents, being required in justice to them, and by public policy. The present is a case of a purely *voluntary payment*, without objection, or protest at the time, or subsequent notice that the money so paid would be reclaimed, until after the money was paid over to the State and the defendant left without indemnity. It is not pretended that there was any compulsion, fraud or deceit. The law under which the money was paid was open to both parties, and it was the equal right of both to pass upon its validity. Thus, under a

*mutual mistake* as to the right to collect, and the duty, the money was paid over to defendant in error, and by him paid over to the State. Under such a state of facts there can be no recovery. Story on Ag. 306-7-8-9-11; Nelson & Elliott v. Swartout, 10 Peters 137; Enloe v. Hall, 1 Humphreys 303; Gray v. Otis, 11 Verm. 628; 9 Mass. 272; Hodgson v. Dexter, 1 Cranch, 345; 1 Mass. 208.

4. The plaintiff, it is true, has a remedy, but it is against the State, and not against her agent, who has in good faith *and without objection or resistance* on the part of the plaintiff, paid over to the State.

DARGAN, C. J.—The rule of law is too well settled to admit of controversy, that if an agent receive money to which his principal is not entitled, yet if the agent pays it over before demand is made, or notice given to him not to pay it to his principal, such payment will discharge the agent from all liability.—Norsworthy v. Upchurch, 15 Ala. Rep. 705; Thompson v. Stickney, 6 Ala. Rep. 579; 7 Johns. 179; 7 Cowen, 475; Story on Ag. § 301, and cases there cited. Nor is the rule varied because the defendant is a public officer, for although money illegally obtained by public officers under color of law may be recovered back from them, if notice be given at the time of payment, or before it is actually paid over to the government by the officer, that the party paying it will claim it back of him, still if no such claim or notice be given to the officer, until he has actually paid over the money to the government, the agent receiving it cannot be held liable to the party who paid it to him.—Story on Ag. § 307.

The ruling of the Circuit Court was in conformity with law and the judgment is therefore affirmed.