CASE 62—PETITION ORDINARY—APRIL 1.

# Dazey vs. Killam, &c.

APPEAL FROM NICHOLAS CIRCUIT COURT.

1. A devise *to several as joint tenants,* some of whom died leaving children, after the making of the will in 1847, but before the death of the testator in 1859, is within the 1*st section of chapter* 46, *Revised Statutes ;* and the effect of the devise must be determined by that section.

2. *Section* 26, of the chapter on Wills, applies to the *preceding sections* of that chapter, and not to *chapter* 46.

3. In the construction of statutes, effect must be given to every provision except in cases of irreconcilable incongruity ; and there is no such incongruity in the provisions referred to.   (3 *Mar.*, 80.)

ROBINSON & JOHNSON, for appellant, cited *Rev. Stat., sec.* 1, *art.* 2, *ch.* 46; *secs.* 18, 26, *ch.* 106.

HUNT & BECK, for appellees, cited 18 *B. M.*, 20 ; 2 *Wms. on Ex.*, 1250 ; 4 *Kent's Com.*, 541 ; 1 *Jarm.*, 287, 304, 520, *and notes ;* 1 *Met.*, 497 ; 1 *Bl. Com.*, 193 ; 2 *Jarm.*, 162.

SIMPSON & SCOTT, and F. MUNGER, on same side.

The following opinion was prepared July 2, 1864, by CHIEF JUSTICE DUVALL, and withheld till after the recess.  Upon a rehearing, the opinion was adopted, and delivered as the opinion of the court, April 1, 1865, by JUDGE WILLIAMS :

The will of Mitchell Dazey contains the following devise : " As to the balance of my estate, real, personal, or mixed, I give one third thereof to my brother Ishmael Dazey ; one third to my brother Jonathan Dazey ; and the other third to the children and heirs of my brother Samuel, deceased, to be equally divided amongst them."

The will was made in September, 1847, and the testator died in 1859 ; but before his death his two brothers, Ishmael and Jonathan, died, each of them leaving children.   In this suit, which was brought for a settlement and distribution of the estate, it was decided by the court below that the devises to Ishmael and Jonathan Dazey lapsed by reason of their death, and passed to the heirs at law and distributees of the testator.   The correctness of that decision is the only question to be considered, and depends upon the construction and effect to be given to various provisions of the Revised Statutes, which will be briefly noticed.

By *section* 1, *of chapter* 46, entitled " *Heirs and Devisees* " (2 *Rev. Stat., p.* 1), it is declared, that " when a devise is made to several as a class, or as tenants in common, or as joint tenants, and one or more of the devisees shall die before the testator, and another or others shall survive the testator, the share or shares of such as so die shall go to his or their descendants, if

any ; if none, to the surviving devisees, unless a different disposition is made by the devisor."

As the devise in question is to Jonathan, Ishmael, and the children of Samuel Dazey, *as tenants in common*, and as the two former died in the lifetime of the testator, leaving descendants, it seems clear that the devise is within the express terms of the section quoted, and that the descendants take the shares of their parents.    For we need hardly suggest, that a will neither confers nor divests any right until after the death of the testator; and that this statute, although passed since the making of the will, but before the death of the testator, must control the question of its validity and effect, unless it can be made to appear that the application of the statute to wills, which were *made* prior to its enactment, has been expressly interdicted.

This effect, it is insisted on the part of the appellees, must be given to two sections of the chapter on wills.    (2 *Rev. Stat.*, *chap.* 106, *p.* 456.)    The two sections are as follows:

"SECTION 18. If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will."

" SECTION 26. The preceding sections of this chapter shall not extend to any will made before this chapter is in force ; but the validity and effect of such will shall be determined by the laws in force on the day this chapter takes effect, in like manner as if those laws, so far as they relate to the subject, were herein enacted in place of such sections."

It is argued, that as section 1, of chapter 46, and section 18 of chapter 106, contain substantially the same provisions, the express exclusion of the one from any effect or operation on previously made wills, is an implied exclusion of the other; but that, even if this be not so, both sections are necessarily so excluded by that clause of the 26th section of chapter 106, which gives effect to the laws in force before that chapter went into effect, as to wills previously made.    Neither of these propositions is maintainable.

Dazey vs. Killam, &c.

1. It is not true, as assumed in argument, that the two sections are identical, or of substantially the same import. *Section* 18 is general in its terms and application, comprehending every class and description of devises and legacies. *Section* 1, on the other hand, embraces only certain special and specific classes or kinds of devises and legacies—devises to several as a class; devises to several as tenants in common; devises to several as joint tenants; moreover, it provides that the shares of such devisees as die before the testator shall go to the surviving devisees, in case the former leave no descendants, unless a different disposition is made by the devisor. It results then, very clearly, we think, that so much of section 26 as expressly declares that "the *preceding sections of this chapter*" shall not extend to any will made before the chapter is in force, must be confined in its operation to those *preceding sections*, and cannot, by any fair construction, be extended to a section of a different chapter, relating, as just shown, to other and different subjects.

2. The intent or object of the Legislature in adding to the 26th section a provision declaring the manner in which the validity and *effect* of previously made wills should be determined, although made the subject of discussion by counsel in argument, need not be considered or judicially decided here. It is sufficient to say, that whatever may have been the legislative purpose, it was not such as is contended for by counsel for the appellees.

It is insisted that as, by the terms of the section, the validity and effect of such wills must be determined "by the laws in force on the day before this chapter takes effect, in like manner as if those laws, so far as they relate to the subject, were herein enacted in place of such sections," the present question of construction must be considered and decided precisely as it would have been if those laws had been actually incorporated into the statute, and that, in place of the 18th section, we should, in such case, have had substantially the following provision : "In a will heretofore made, devising property to brothers or other collaterals, if the devisees die before the testator, the devise shall lapse, and the children of such devisee shall not

take, unless such will shall have been republished," &c. Let all this be admitted. But let us suppose, further, that to the section so substituted there had been added, by way of proviso or exception, the provision contained in the first section of chapter 46, would there have been the least incongruity or inconsistency in the entire section as it would then have stood, and could there have been the least doubt as to its construction or meaning? And is not the latter section, occupying the position it does in the statute, entitled to the same effect precisely as if it occupied the position just supposed?

Conceding, as contended, that all the sections and chapters of the Revised Statutes took effect simultaneously, and are to be regarded as forming one entire statute, yet the familiar rule must not be forgotten which requires, that, in the construction of statutes, effect must be given to every provision except in cases of absolute and irreconcilable incongruity. No such incongruity exists in the provisions under consideration. The first section of chapter 46 must be regarded as an exception to the general provision contained in section 26 of chapter 106.

In the case of *Peyton vs. Mosely* (3 *Mar.*, 80), it appears that in 1812 the Legislature had passed an act requiring that *recognizances* taken by a constable should have a seal annexed, and that, subsequently, but at the same session, an act was passed providing that *all* writings thereafter executed *without a seal*, stipulating for the payment of money or for the performance of any act or duty, should be placed upon the same footing with sealed writings, receiving the same consideration, and having the same force and effect, &c.; yet the recognizance was held invalid for the want of a seal or scrawl, upon the ground that the two acts, having been passed at the same session, must be construed as one act, and that, there being no express repeal of the former act, and no absolute inconsistency between the two, effect must be given to both, just as if they were contained in separate provisions of the same act. "Hence," say the court, "the conclusion would be, that the recognizance directed to be taken with a seal, in which the bail stipulated for the performance of the principal, ought to

be held as an exception to the general provision which dispensed with a seal."

Without extending the discussion further, our conclusion is, that the effect of the clause of the will under consideration must be determined by the first section of chapter 46, and that, under it, the descendants of Ishmael and Jonathan Dazey are entitled to the shares of their parents respectively.

The judgment is therefore reversed, and the cause remanded for further proceedings in conformity with this opinion.