JUDGE HARDIN
delivered the opinion oe the court.
This was an action of the administrator of Lucy Pendleton, deceased, and others against the executor and devisees of John Pendleton, deceased, for the recovery of two thousand and thirty-five dollars, as received by said executor for two slaves sold by him in 1858, under directions of the testator’s will, as property of his estate, but which the plaintiffs alleged belonged to the estate of said Lucy Pendleton, deceased.
It appears that in 1844 said Lucy — then Lucy Miller— being about to intermarry with said John Pendleton, which she did shortly afterward, executed a will devising certain slaves and their increase to the heirs of her brothers, Thomas and William Miller; and to the will so made Pendleton annexed his written consent and agreement that she might hire out her slaves or keep them as she might think proper, and have full power and control over her money and property. Said John Pendleton survived his wife, and died in 1858 in possession of part of said *471 slaves, two of which were sold by his executor, as alleged in the petition. It appears there was no administration on the estate of Lucy Pendleton till shortly before the institution of the suit in 1866, although she died several years before.
The petition as originally filed was dismissed on demurrer, and the plaintiff having appealed to this court, the judgment was reversed; the court deciding that on the death of said Lucy Pendleton her personal representative had a right to reduce her said property into his possession for the payment of debts and distribution.
On the return of the cause to the circuit court an amended petition was filed, setting up the will which had been admitted to record'; and the defendants presented their defense, denying the alleged title of Lucy Pendleton at her death, and relying on the statute of limitations as a bar to the action. Upon these issues the court rendered a judgment for the plaintiffs, from which this appeal is prosecuted. ,
Of the right of the personal representative of Mrs. Pendleton to sue for the slaves or their value we regard the former decision of this court in the case conclusive; but if it was not, it was expressly provided in chapter 93 of the Revised Statutes, article 1, sections 3 and 4, that slaves should be deemed and held to be personal estate, and that suits might be maintained for their recovery by the personal representative. (Easley’s ex’rs v. Easley, 18 B. Mon. 86.)
We are of the opinion therefore that although the will after probate operated to vest the ultimate title to the slaves in the devisees, as they should properly have come first to the administrator’s hands for the payment of debts, if necessary, he could maintain an action for their value against John Pendleton’s executors upon this *472 conversion by Mm, if said provisions of the statute apply to this case; and if so, he was entitled to recover in this action unless it was barred by limitation.
It is insisted for the appellants, however, that as the will of Mrs. Pendleton was made before the Revised Statutes took effect, and it is declared in section 26 of chapter 106 of the Revised Statutes that the “validity and effect” of wills theretofore made shall be determined by pre-existinglaws, the devise of the slaves by said will determined their character as real estate, according to the statute of 1800 (2 M. & B. 1646), and that they therefore vested absolutely in the devisees immediately upon the death of Lucy Pendleton, and more than five years having afterward elapsed before the commencement of the action it was barred by limitation. But as, in the construction of statutes, effect should be given to the different provisions of simultaneous enactments, if they are not absolutely irreconcilable, no sufficient reason is perceived for the comprehensive construction of said provision of chapter 106, which, in this case, would render inoperative the provisions of chapter 93, referred to. (Dazey v. Killam, 1 Duvall, 403.)
It seems to us therefore that as the right of action in this case for the conversion of the slaves was conferred by the statute on the personal representative of Lucy Pendleton and not the devisees, the statutory bar did not begin to run till the administrator was qualified, and therefore the action was not barred by limitation.
Wherefore the judgment is affirmed.