## Hill v. County Board of Education of Lincoln County.

(Decided October 13, 1910.)

### Appeal from Lincoln Circuit Court.

1. County Levy—How Designated.—The county levy is made as a whole; so much is designated for road and bridge purposes; so much for schools, and so much for general purposes, and the tax rate is composed of the sum of the several levies.

2. Same—Pay of Sheriff for Collecting.—The pay of a sheriff for collecting the county levy is a charge against the general expense fund of the county. The amount to be raised for education is net.

J. B. PAXTON, T. J. HILL, JR., and W. S. BURCH for appellant.

P. M. McROBERTS for appellee

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

The fiscal court of Lincoln county appropriated a sum for educational purposes in accord with the requisition of the county board of education, and included in the tax levy a rate sufficient to meet it. The county levy is made as a whole. So much is designated for road and bridge purposes, so much for schools, so much for general purposes, and so on. The tax rate is composed of

the sum of the several levies. The sheriff collects the whole sum so authorized and directed by the total levy. He is paid for his services in collecting the county levy a commission of five per cent. on the first $5,000.00, and four per cent. on the remainder, but his compensation not to exceed $5,000.00 in the aggregate. (Sections 4168 and 1884 Ky. Stats.) Appellant as sheriff of Lincoln county was collector of the county-levy taxes of 1909, and collected $4,955.00 of the tax levied by the fiscal court for school purposes. He claims in this suit that he is entitled to retain of the sum so collected ten per cent. on the first $5,000.00; or in any event four per cent. of the sum collected. The circuit court decided the question against him, and he has prosecuted this appeal. In Hall v. Ballard County, 140 Ky. 84, it was decided that the annual county school tax constituted part of the county levy, and that the sheriff as collector was not entitled to treat it separately in caluculating his commission for collecting the county levy. Furthermore, he must pay over the whole of the sum collected for school purposes to the board of education. His compensation may not be taken from the school fund. His pay is a charge against the general expense fund of the county. The amount required to be raised for education is net, and the costs of collection must be added by the fiscal court and provided for out of the general fund, as are other county general expenses.

Nor could the sheriff and the board of education have settled on any other basis than for the sheriff to pay over all the sum levied and collected for school purposes. The sheriff's commission must be allowed by the fiscal court, upon his settlement with that body. It was not competent for the board of education to pass on it, or to anticipate the action of the fiscal court, much less was it competent for the board to apply funds raised expressly for educational purposes, to the payment of an item of general expense against the county. The Constitution forbids it. (Section 180 Const.)

The judgment requiring the sheriff to pay over the whole sum collected for school purposes is affirmed.