## Commonwealth for use, et al. v. Mackey, et al.

(Decided January 21, 1916.)

### Appeal from Mason Circuit Court.

1. Schools and School Districts—Taxes—School Fund.—Commission for Collecting not Allowed—General County Expense.—A sheriff in collecting taxes for school purposes is not entitled to retain a commission thereon separately from the other taxes collected for the same year. The commission of the sheriff for collecting school taxes must be paid by the fiscal court out of the general fund, as other general county expenses. (See Henry Co. Board of Education v. Jones, Ex-Sheriff, 140 Ky., 544, and cases therein cited.)

2. Schools and School Districts—Sheriff's Settlement With Fiscal Court—When Invalid—Action Notwithstanding on Sheriff's Bond —When Permissible.—A settlement by the sheriff as to taxes collected, made with the fiscal court, in which he was improperly allowed commissions out of a school tax collected by him, but which settlement was filed in and approved by the fiscal court, and recorded in that court, instead of being filed in the county clerk's office, approved by the county court and recorded in the county clerk's office, as required by section 4146, Kentucky Statutes, will not prevent the recovery by the county board of education of the commissions, wrongfully retained by the sheriff, in a direct action by the board on the sheriff's bond. In such state of case the settlement is invalid, which rendered an action to surcharge it unnecessary.

J. M. COLLINS and O'REAR & WILLIAMS for appellants.

WORTHINGTON, COCHRAN & BROWNING for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought in the court below by the appellants, the Commonwealth of Kentucky for the use and benefit of the Mason County Board of Education, and the Mason County Board of Education against the appellee, James Mackey, former sheriff of Mason county, and the sureties in his bond, as such, to recover of them the sum of $688.33, claimed and retained by him as 4.45% commission on and compensation for the collection by him, as sheriff, of a school tax of fifteen cents on each hundred dollars' worth of taxable property in Mason county, amounting in the aggregate to $15,468.30, levied by the fiscal court of Mason county for school purposes in and for the year 1909; it being alleged in the petition that the appellee, James Mackey, had no legal right to retain the sum mentioned or any part thereof as compensation for collecting the school tax referred to and that it is yet wrongfully withheld by him. The prayer of the petition asked judgment against the appellees for the $688.33, with six per cent interest per annum thereon from February 18, 1910, until paid.

Appellees filed a general demurrer to the petition, upon which no action seems to have been taken by the circuit court. At the same time the appellee, James Mackey, filed a separate answer to the petition, in which it was not denied that the appellee Mackey, as sheriff, had received and retained the $688.33 as a commission for collecting the school tax of $15,468.30 for the year

1909, but alleged that it had been rightfully retained by him, and that at the October term, 1909, of the Mason fiscal court, that court, by an order entered November 9, 1909, appointed a commissioner to settle his accounts as sheriff of Mason county for the taxes of that year; that the commissioner thereafter, at a special term of the Mason fiscal court, held February 18, 1910, duly filed his report of the settlement which he made with the appellee Mackey as to all taxes collected by or chargeable to him as sheriff for that year; that thereupon, on that date (February 18, 1910) the Mason fiscal court appointed a finance committee, consisting of two of its members, to examine and report upon the report of settlement made with him by the commissioner, and that this finance committee on February 18, 1910, made report that the settlement so made and reported by the commissioner showed the correct amount of commissions that were due to him as sheriff from all the taxes collected by him; that as shown by such settlement, all the funds with which he was therein charged were paid over by him to the officials to whom they were required by law to be paid; that the $688.33 sued for by appellants was by the report mentioned allowed the appellee Mackey, as sheriff, by way of commissions, and deducted from the full amount of school taxes levied by Mason county and collected by him that year; that on February 18, 1910, the fiscal court, by an order entered on its order book, received and approved the report of settlement in question and ordered it filed, and same was immediately thereafter "recorded in the order book of the Mason fiscal court, book 3, 193, 194, 195." The answer concluded with these words: "This defendant pleads these facts in bar of plaintiffs' right of action set up in their petition. Defendant prays that plaintiffs' petition be dismissed and for their costs herein, and all proper relief."

Copies of the settlement and orders referred to were filed with the answer. Appellants filed a general demurrer to the answer and also a reply, admitting the making of the settlement referred to in the answer, but denying its correctness and also the right of the fiscal court or its commissioner to allow him the commission of $688.33, or any part thereof. Appellees filed a demurrer to the reply, after which the circuit court entered the following judgment:

"Plaintiff produced her reply herein which is ordered filed, thereupon defendant produced his demurrer to said reply which is ordered filed, and the court having considered of same sustained said demurrer to which plaintiff excepts and plaintiff declining to plead further her petition is dismissed, to all of which plaintiff objects and excepts and prays an appeal to the Court of Appeals, which is granted."

The first question presented for decision is, had the sheriff the right to retain any part of the tax collected by him under the county common school levy, as commission or compensation for its collection? This question has been settled adversely to the sheriff's contention in the following cases: Hall v. Ballard County, 140 Ky., 84; Hill v. Board of Education of Lincoln Co., 140 Ky., 259; Henry Co. Board of Education v. Jones, ex-Sheriff, 140 Ky., 544. In the opinion in the case last cited it is said:

"The trial court erred in holding that appellee was entitled to retain as commissions four per cent. of the sum collected for school purposes. In the case of Hall v. Ballard County, 140 Ky., 84, it was held that the annual county school tax constituted part of the county levy, and that the sheriff was not entitled to treat it separately in calculating his commissions for collecting the county levy; and in the case of Hill v. County Board of Education, 140 Ky., 259, it was held that the sheriff must pay over the whole sum collected for school purposes to the board of education. In discussing the question the court said: 'His compensation may not be taken from the school fund. His pay is a charge against the general expense fund of the county. The amount required to be raised for education must be added by the fiscal court, and provided for out of the general fund as are other county general expenses.' This case is conclusive of the question before us."

In view of the foregoing authorities further discussion of this question is unnecessary.

The second question we are asked to decide is, whether the Board of Education of Mason County has the right to recover the amount wrongfully retained by the sheriff, in a direct action against him and the sureties in his bond, regardless of the action of the fiscal court in approving and recording the settlement allowing his retention of the amount in controversy. It is insisted for

appellees that as the settlement in which the appellee Mackey, as sheriff, was allowed the $688.33 here sued for, was made by him with the fiscal court, as required by section 4146, Kentucky Statutes, and approved and recorded by that court, and no exceptions were filed to it by the appellee Mackey or the county attorney, nor action brought in equity to surcharge it, such settlement is a bar to this or any other action that may be brought against appellee to recover the amount in question.

The cases of Fidelity & Deposit Co. v. Logan County, 119 Ky., 428; Green County v. Howard, 127 Ky., 379; Pulaski County v. Watson, 106 Ky., 500; Davis, etc. v. Commonwealth, etc., 139 Ky., 334, are cited in support of this contention. These cases, in substance, hold that where the report of a settlement of the amount of taxes collected by a sheriff is made, approved and recorded as provided by section 4146, Kentucky Statutes, it is subject to exception by the sheriff or county attorney, and that either may appeal from the county court's judgment on the settlement, but that though such settlements may not be attacked collaterally, an action by the Commonwealth for the use of the county to surcharge a former sheriff's settlement is a direct attack, authorized by the statute, and may be brought if not barred by the five year statute of limitations.

Section 4146, Kentucky Statutes, provides:

"Each sheriff or collector shall, when required by the fiscal court, settle his accounts of county or district taxes, and at the regular October term of each year the fiscal court shall appoint some competent person other than the Commonwealth's or county attorney to settle the accounts of the sheriff or collector of money due the county or district. The report of such settlement shall be filed in the county clerk's office, and be subject to exceptions by the sheriff or collector or county attorney who shall represent the Commonwealth and county, and the county court shall try and determine such exceptions. An appeal may be prosecuted by either party from the judgment of the county court on such settlement, in the same manner as provided by law for appeals from judgments of the quarterly court, except that the county attorney shall not be required to give an appeal bond, or actions may be instituted in any court of competent jurisdiction to correct the settlement; and the set-

tlement, when approved, shall be recorded in the county
clerk's office."

The settlement made by the fiscal court with the ap-
pellee Mackey, as appears from the orders filed with the
answer, *was filed in and approved by the fiscal court,
and recorded on the order book of that court,* instead of
being filed *in the county clerk's office, approved by the
county court, and recorded in the county clerk's office,*
as required by the statute, *supra.* Never having been
filed in the county clerk's office, approved by the county
court or recorded in the county clerk's office, the settle-
ment is without validity as such. Therefore, the failure
of the sheriff or the county attorney, who were alone en-
titled to do so, to file exceptions to the report of settle-
ment, or the failure of the appellants or another or oth-
ers to bring an action to surcharge the settlement, are
not questions involved here. For this reason the author-
ities, *supra,* relied on by appellees, have no application
here.

The status of the parties here is the same as if the
settlement had not been made, and this being so, the ap-
pellant, Board of Education of Mason County, on rela-
tion of the Commonwealth, is entitled to sue for and re-
cover of the appellee Mackey, former sheriff, and the
sureties in his bond, the $688.33 commission wrongfully
retained by him out of the school tax collected by him
as sheriff in 1909. Such right of recovery is conferred
upon the Board of Education by section 4426a, sub-sec-
tion 9, Kentucky Statutes, which provides:

"It shall be the further duty of the county board of
education to estimate and lay before the fiscal court of
the county the educational needs of the county in accord-
ance with such estimate, and said county (fiscal court)
shall levy a tax for school purposes not to exceed twenty
cents on each hundred dollars of assessed valuation of
property in the county, and a capitation tax not exceed-
ing one dollar, and the sheriff shall then collect this tax
as other State and county taxes are collected:  *  *  *
When the tax so levied shall have been collected by the
sheriff of the county, he shall turn over to the county
superintendent, who shall act as treasurer of the county
board of education, the amount of money so levied and
collected, and the county board shall expend the money
so received in the building, improvement and equipment
of school houses, for the purchase and condemnation of

necessary real estate, for the payment of teachers, purchasing necessary supplies and the extension of the school term in the various sub-districts throughout the county, as in their judgment as a county board the needs of the individual schools for white and colored pupils demand. The county superintendent shall give special bond as may be approved by the county court. No fund shall be paid out except on the order of the county board, signed by the chairman and counter-signed by the secretary.''

Under the provisions of the statute, *supra*, the entire school tax collected by the appellee Mackey, as sheriff, for the year 1909, without. any deduction of commissions therefrom for collection, should have been paid by him to the county superintendent of schools, for the use of the board of education, to be applied by the board as required by the statute. The settlement required of the sheriff by section 4146, *supra*, should have been made with the fiscal court through its commissioner, filed in the county clerk's office, approved by the county court and recorded in the county clerk's office; but the failure of the sheriff to make the settlement and of the county court to approve same and cause it to be recorded in the county clerk's office, as required by the statute, cannot interfere with the right of appellants to the relief sought in this action.

For the reasons indicated, the judgment is reversed and cause remanded, with directions to the circuit court to set aside the judgment appealed from, overrule the demurrer to appellants' petition and reply, sustain their demurrer to appellee's answer, and for such further proceedings and judgment as may conform to this opinion.