## Ross, Sheriff, etc. v. County Board of Education, etc.

## Jefferson County v. Ross, Sheriff, etc.

(Decided November 3, 1922.)

### Appeals from Jefferson Circuit Court (Chancery Branch, Second Division).

1.  Statutes—Construction—Intention of the Legislature.—A court in giving effect to the intention of the legislature, in construing a statute, will give effect to the meaning rather than to the letter, and will reject useless and inappropriate words or where they have no relation to the subject matter of the statute; and will reject words which will lead to an absurdity; and will read in to it words, necessary to the intention of the legislature; and will change the collocation of words, when it is necessary to carry out the legislative will, or to prevent an absurd conclusion or defeat the purpose of the statute, when the court is thoroughly convinced that such change of collocation, rejection or reading into the statute is necessary to carry out the legislative will.

2.  Statutes—Harmonizing Provisions of.—All the provisions of a statute must be harmonized if it can reasonably be done, and effect given to each provision unless they are irreconciliably incongruous.

3.  Schools and School Districts—Collection of County School Taxes.—Section 8, of chapter 36, Session Acts, 1920, relating to the collection of county school taxes and the commission of the sheriff for collecting same, is not a local or special act, within the meaning of section 59 of the Constitution, but, is a general act, which applies at once to all counties and sheriffs in the state, except to sheriffs, in office at the time of its enactment, and whose compensation would be changed by it, in violation of sections 161 and 235 of the Constitution.

4.  Schools and School Districts—Collection of School Taxes—Constitutional Law.—Section 8, of chapter 36, Session Acts, 1920, is not unconstitutional as to the sheriff of a county having a population of 75,000 or more, if his fees and compensation for official services which he is required to pay into the state treasury, are of such amounts, that a reduction in the sheriff's commission for collecting the county school taxes, does not have the effect to change his salary after his election and while in office.

5. Schools and School Districts—Collection of School Taxes—Commission.—Section 8, chapter 36, Session Acts, 1920, requires the commission of a sheriff for collecting the county school tax to be deducted from the proceeds of such tax, and fixes the compensation for collecting same at a sum not in excess of one per centum and this is all the compensation to which the sheriff is entitled for collecting such tax, and there is no commission for any one else to pay, except for the years, 1920 and 1921, in the cases of sheriffs then in office, whose compensation would be changed while in office by the reduction in the commission from four per centum to one per centum or less.

6. States—Collectors of Public Money—Payment of Commissions into State Treasury—Recovery.—A collector of public moneys, who is required by law to pay all his fees and compensation for official services into the treasury of the state and who in good faith and by color of law collects a greater commission than he is entitled to collect and pays same into the treasury, before notice of any contrary claim, cannot be held responsible for it, except to the extent that he receives same back in salary, but, so long as the illegal commission is in his hands, the party from whom he made the collection may recover it from him.

CHAS. I. DAWSON, Attorney General, for appellant, William E. Ross.

BURWELL K. MARSHALL for appellee, Board of Education of Jefferson County.

J. MATT CHILTON, County Attorney, and W. F. CLARKE, Assistant County Attorney, for appellant, Jefferson County.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Affirming upon appeal of appellant, Ross, in part and reversing in part, and reversing upon appeal of Jefferson county.

These appeals are taken upon the same record. William E. Ross was inducted into the office of sheriff of Jefferson county on the first Monday of January, 1918, having been elected at the previous election of November, 1917. His term began, as above stated, and ended on the first Monday of January, 1922. When he was elected and entered upon the duties of his office, the statute law then prevailing relating to the collection of the tax levied by the fiscal court upon the property of the county, outside of cities and towns which maintained a system of schools of their own, in which all grades were taught to the satisfaction of the state board of education and graded common school districts, and as construed by the decisions of this court, it was the duty of the

sheriff to collect such tax and pay it to the county superintendent as the treasurer of the county board of education, and in computing his commission for so doing, all of the county revenues were considered as one fund, and for the collection of which he was allowed a commission of ten per centum upon the first five thousand dollars of the fund, and four per centum upon the residue of the fund, but the entire volume of the school tax was required to be paid to the board of education, and the commission for collecting same was paid out of the other county revenues. In other words, the school funds were not required to bear any part of their cost of collection, but the commission for collecting same was required to be paid by the county out of the general expense fund. Section 1729, Kentucky Statutes; section 1884, Kentucky Statutes, and section 4426a-9, Kentucky Statutes, 1915; Hall v. Ballard Co., 140 Ky. 84; Hill v. County Board of Education, etc., 140 Ky. 259; Henry Co. Board of Education v. Jones, 140 Ky. 544; Commonwealth, etc. v. Mackey, 168 Ky. 58; Commonwealth v. McKoy, 168 Ky. 64. Without any specific designation by statute or otherwise, the first five thousand dollars of the county revenues, the collection of which a commission of ten per centum was paid, was in the administration of the law, considered to be a portion of the county revenues other than the school tax, which was considered to be a portion of the residue for the collection of which a commission of four per centum was paid, and the usual method of paying the commission was by giving the sheriff a credit for the collection of the school taxes in his settlement with the fiscal court of the collection and disbursement of the other county revenues and expenses. Regardless, however, of the method of paying the commission for collecting the school tax, it was very well settled that the county was obliged to pay the commission out of its funds, other than the proceeds of the school tax, which the school authorities were entitled to receive without any deductions from it for commissions for its collection.

At the 1920 legislative session the General Assembly enacted chapter 36 of the Session Acts of that year, by which was created a different system from formerly of choosing a county board of education to hold and control the funds and property of the county schools, and empowering the board to cause to be levied by the fiscal court, for the support of the county schools, a tax upon all the property subject to state taxation within the

county "exclusive of property located in graded school districts and cities and towns maintaining a separate and distinct system of common schools." The manner of designating the property subject to this tax, its levy and collection and disbursement of the tax were prescribed by the act. It was made the duty of the sheriff to collect the tax and upon that subject the law provided as follows: "It shall be the duty of the sheriff of the county in the same manner and at the same time he collects other state and county revenues, to collect the tax imposed under the provisions of this act, and after deducting his commission for same, as now allowed by law and provided herein. Provided, however, the commission allowed the sheriff for collecting said tax shall not exceed one per cent of the total school tax collected. For the purpose of determining the sheriff's commission for collecting the tax provided for in this act, the tax so collected, together with the state and county revenue collected by the sheriff, shall be treated as one fund, and the sheriff shall deduct from the tax collected under the provisions of this act, his commission for collecting same, which shall be in proportion to his entire commission on the combined funds referred to herein as the school taxes collected bears to all the taxes collected by him."

For the years 1920 and 1921, the appellant, Ross, as sheriff, collected the school tax provided for by the above mentioned act of the General Assembly and paid over same to the treasurer of the school board, but in doing so he deducted from the school taxes four per centum of same as his commission for its collection. It seems that the sheriff construed the ambiguous expressions of the above quoted act to entitle him to have a commission of four per centum for collecting the school tax, and to deduct it from same when paying it over to the treasurer of the school board.

For the year 1921, the sheriff collected of the county school tax $197,546.89, of which sum he paid to the county board of education the sum of $189,645.30, retaining in his hands the difference between the above stated amounts, or $7,901.59 for his commission. For the year 1920, he collected $173,555.38, of which sum he paid to the county board of education the sum of $166,613.21, retaining the difference of $6,942.21 as his commission for collecting. The county board of education conceding that the sheriff was entitled to retain one per centum of the tax, and to deduct it from the amount collected for

both the years 1920 and 1921, instituted this action against the sheriff to recover of him the other three per centum of the taxes which he had retained in his hands, or the sum of $5,206.66 for the year 1920, and $5,926.13 for the year 1921.

The appellant, Ross, claiming that the act of 1920 prescribing the commission that a sheriff should receive for collecting the county school tax was not valid as to him, being a sheriff in office when the act became effective, by cross-petition against Jefferson county sought to recover of it whatever sum that the county board of education should recover of him with its interest, upon the ground that the county was obligated to pay him the commission of four per centum for the collection of the county school tax at the time he was elected and inducted into office, and that the General Assembly was powerless to diminish his compensation as sheriff during his term of office. The circuit court was of the opinion that the above quoted portion of the act of 1920, as to the collection of school tax and the payment of commissions for same, presented an irreconcileable incongruity and therefore that no part of it was effective, and that the school board was entitled to the net sum which the tax would produce, and for that reason that the sheriff had no right to retain any portion of the tax for his commission, and that the county of Jefferson was obligated to pay him the commission for collecting the school tax, but in as much as the school board only sought to recover three per centum of the tax retained by the sheriff, it gave a judgment in favor of the school board against Ross, as sheriff, for the sum of $5,206.66, with interest from January 1, 1921 for the three per centum of the tax deducted by him for the year 1920, and $5,926.13, with interest from January 1, 1922, for the three per centum of the tax for the year 1921, deducted by Ross for his commission, and at the same time adjudged that Ross recover these sums against the county. From these judgments both Ross and the county of Jefferson have appealed.

The board of education contends that the sheriff is entitled to retain only one per centum of the school tax for its collection, while the sheriff, Ross, contends that he is entitled to retain four per centum of the school tax as his commission, and if not authorized to retain the four per centum that the county of Jefferson is obligated to pay him a commission of four per centum for the col-

lection of the tax; while Jefferson county insists that it was error to hold that it was obligated to pay any commission to Ross for the collection of the school tax. Ross therefore contends that the judgment against him in favor of the school board was erroneous, while the county of Jefferson contends that the judgment of Ross against it was erroneous.

The matter of primary importance to a correct decision of the actions is to determine the effect of the portion of the statute heretofore quoted, which is now a portion of section 4399a-8, Kentucky Statutes, 1922 edition. In enacting the quoted provision of that statute the legislature unfortunately succeeded in setting out its intentions in language ambiguous and obscure, and by the enactment of provisions, which, it is insisted, are irreconciliably contradictory and antagonistic, clothing its intention with ineradicable obscurity and insurmountable inconsistency. According to the letter of the statute, after providing that the school tax shall be collected by the sheriff, the act then provides that the sheriff shall deduct his commission "as now allowed by law and provided herein." It will be observed that the commission then allowed by law was four per centum of the proceeds of the tax to be paid by the county, but as "provided herein" as will be seen by the sentence immediately following, the commission allowed the sheriff for collecting the tax shall not exceed one per centum of the total school tax collected. Following the provision which limits the commission of the sheriff for collecting the tax to one per centum of the total school tax collected, is a provision which prescribes the manner in which the commission of the sheriff is to be ascertained, and according to the manner there prescribed the commission may or may not amount to one per centum of the total of the school tax collected.

The foregoing provisions of the statute, which are apparently contradictory and, as it is insisted, so irreconcileably inconsistent with each other as to render each provision nugatory, and the ascertainment of the legislative will to be impossible as to the per centum of commission allowed for the collecting of the school tax, when subjected to time-worn rules for the construction of statutes, can be reconciled and the legislative will determined and made clear. The legislature by sections 459 and 460, Kentucky Statutes, has enacted a rule for the construction of all legislative acts, wherein it is declared

in the former section that "All statutes shall be construed with a view to carry out the intention of the legislature," and in the latter that "all words and phrases shall be construed and understood according to the common and approved use of language, etc." Aside from these legislative enactments, this court has consistently held that in the construction of a statute the pole star by which the court must be guided is to ascertain and put into effect the legislative intention. To effect this purpose statutes are construed according to their meaning, rather than according to the letter, and oftentimes words in a statute are rejected when they are plainly useless and inappropriate, and have no relation to the subject matter of the statute, and where it is plainly evident they were inserted by carelessness or inadvertence. Frequently words necessary to prevent a statute from resulting in an absurdity, and where they are plainly necessary to the legislative meaning and have been left out of it by carelessness or inadvertence, are read into it. Collocation of words and phrases may be changed when the court is thoroughly convinced that to carry out the legislative will and to prevent an absurd conclusion or defeat the purpose and intention of a statute, the change of collocation is necessary. Singleton v. Commonwealth, 164 Ky. 243; Commonwealth v. Grinstead, etc., 108 Ky. 59; Sams v. Sams, 85 Ky. 396; Commonwealth v. Herald Publishing Company, 128 Ky. 424; Neutzel v. Ryans, 184 Ky. 292; Bird v. Board, etc., 95 Ky. 195; James, etc. v. U. S. F. & G. Co., 133 Ky. 299; Williams v. Commonwealth, 78 Ky. 93; Harrison v. Commonwealth, 83 Ky. 162; Leonard v. Braswell, 99 Ky. 528. Likewise all the provisions of the statute must be harmonized if it can be reasonably done, and effect and enforcement given to each clause, unless the provisions of the statute are irreconcileably incongrous. C. & O. R. R. Co. v. Barren Co., 10 Bush 604; Dazey v. Killam, 1 Duv. 403; Pendleton v. Pendleton, 6 Bush 469. When the other provisions of chapter 36, Session Acts 1920, are read, it is clear that the legislature intended that the sheriff should deduct his commission for collecting the school tax from the tax whether the commission be one per centum or another, and hence in section 8 of that chapter, which is now 4399a-8, *supra,* it is apparent, that the words "after deducting" were negligently or by inadvertence written, when the words "and deduct" were intended so that the the provision will read "to collect the tax imposed under

the provisions of this act and deduct his commission for same.'' And the words ''as now allowed by law'' is merely an awkward expression and intended to mean as now provided by *this* law. This conclusion is reached from the fact that to read the sentence commencing with ''It shall be the duty of the sheriff of the county, etc.,'' and ending with ''and provided herein'' according to the letter, would lead to an absurdity in providing that the sheriff should deduct his commission before collecting the taxes, and that his commission should be what had been allowed formerly by law, and, also, what was provided in the act, when the act immediately provides that the commission shall not exceed one per centum of the total school tax collected. The proviso which limits the commission to one per centum is not contradictory of the provision in the clause following it, which prescribes the manner of ascertaining what the commission shall be, except to the extent that when the commission is ascertained in the manner therein prescribed it shall not exceed one per centum of the total school tax collected. It will be observed that the proviso does not fix the commission as a hard and fast rule at one per centum, but provides that it shall not be in excess of one per centum. The journals of the Senate and House show that when chapter 36, *supra,* was enacted that the act originated in the Senate, and when it passed that body the provision limiting the sheriff's commission to one per centum for collecting the school tax was not in the act, but when the bill reached the House, the section was amended by the House by the insertion of the proviso, which was afterwards accepted by the Senate, and the proviso instead of being inserted at the end of that portion of the section which prescribed the manner of ascertaining the amount of the commission, was awkwardly inserted after the provision which provided that the sheriff should deduct his commission from the school taxes collected. The amendment was afterwards accepted by the Senate and clearly shows that the intention of the legislature was that when the commission for collecting the school tax was ascertained, as prescribed, that if it exceeded one per centum of the total school tax collected, the commission should be reduced to one per centum. Regardless of where the proviso appears in the act, if effect is given to each provision of the act, the commission of the sheriff for the collection of the school tax is to be ascertained as in the act prescribed by considering school

taxes collected and the state and county revenues as one fund, and the commission for collecting the school taxes shall then be such a sum as is in proportion to the entire commissions on the combined funds, as the school taxes bear to all the taxes collected, provided that the commission for collecting the school tax shall not exceed one per centum of the total of the school taxes collected. There seems to be no other construction to which the statute is susceptible, and this dispenses with the necessity of transposing the collocation of the phrases and placing the proviso in the act, at the end of the clause prescribing the method of ascertainment of the commission for collecting the school tax. Hence, we are thoroughly convinced that the meaning of the act and the intention of the legislature was as if the letter of the act was as follows: "It shall be the duty of the sheriff of the county in the same manner and at the same time he collects other state and county revenues to collect the tax imposed under the provisions of this act, and deduct his commission for same, as now allowed by this law and provided herein. For the purpose of determining the sheriff's commission for collecting the tax provided for in this act, the tax collected, together with the state and county revenue collected by the sheriff shall be treated as one fund, and the sheriff shall deduct from the taxes collected under the provisions of this act his commission for collecting same, which shall be in proportion to his entire commission on the combined funds referred to herein as the school taxes collected bear to all the taxes collected by him. Provided, however, the commission allowed the sheriff for collecting said tax shall not exceed one per centum of the total school tax collected."

The provisions of the act being valid, the complicated method provided for ascertaining the commission of the sheriff for collecting the county school tax is no reason for its non-enforcement. Furthermore, that the county school taxes must bear the cost of their collection is plainly evident, since the act in two places provides for the sheriff deducting the commission from the taxes imposed and collected "under this act," which provision was in furtherance of a just policy, as no valid reason can be advanced for why the citizens and property of cities of the first, second, third and fourth classes and of graded common school districts should assist in paying for the collection of a county school tax, the benefits of which they receive in no part and in the selection of

the body receiving and controlling the taxes and procur-
ing the levy of the tax they have no part, while at the
same time they are required to pay taxes and the costs of
collecting same for their own school purposes, and in
which the citizens and property outside of such cities and
districts render them no assistance.  It is, also, plain
that the legislature intended to place the entire burden
of the costs of collecting the county school tax upon the
proceeds of such tax, and thus to impose the burden of
paying for its collection upon the persons and property
receiving the benefits of the tax, and to relieve the
county, as a whole, from the burden.  Previous to the en-
actment of chapter 36, *supra,* the school tax itself did not
bear any part of the cost of its collection, but by the
terms of such chapter the amount of the commission for
its collection was fixed, and if the sheriff receives the full
commission allowed by law for its collection, by deduct-
ing the commission from the school taxes collected, there
is no other or further commissions to be paid by any one.
There is no hint in the act authorizing the imposition and
collection of the county school tax, that there is any com-
mission to be paid by any one, than that provided for in
the act.

To require the proceeds of a tax levied and collected
under chapter 36, *supra,* for purposes of common school
education, to bear the costs of its collection is not viola-
tive of either section 180 or 184 of the Constitution, as it
is not the appropriation of a tax levied for one purpose
to another purpose for the taxes must be collected and
some one must be paid for it.

The appellant, Ross, in support of the soundness of
the judgment in his favor against Jefferson county, re-
lies upon the fact, that when he was inducted into office,
the county, was required, under the laws then exist-
ing, to pay him a commission for collecting the county
school tax, a sum equal to four per centum of the school
taxes collected, and insists that any statute, which de-
creased his compensation during his term of office was in
violation of sections 161 and 235, of the Constitution, the
first of which prohibits any change in the compensation
of a county officer, after his election or appointment or
during his term of office, and the latter prohibits any
change in the salary of a public officer during his term
of office, and hence, that if chapter 36, subsection 8,
*supra,* is construed to reduce the commission of the
sheriff for collecting the school tax from four per centum

to one per centum, it is invalid as to him, and he is still entitled to have the county to pay him, a sum equal to four per centum of the school taxes collected out of its general expenditure fund. This contention is certainly sound, if the enforcement of the act has the effect to make any change in his compensation, as sheriff, but it is equally true, if the enforcement of the terms of the act, do not in any way affect his compensation, the act is not invalid, as to him. In the application of these sections of the Constitution, it has often been held, that an act making a change in the compensation or salary of a public officer, may be valid, so far as these sections of the Constitution are affected, and yet have no application to a certain officer, before the expiration of his term, or in other words invalid as to such officer during his term. Bright v. Stone, 20 R. 817; Commonwealth v. Carter, 21 R. 1509; Auditor v. Mays, 21 R. 1559. The converse of this principle must, also, be true, and that is an act otherwise valid may be invalid as to certain officers, because in contravention of the sections of the Constitution relating to changes in their compensation and salary, and yet valid as to an officer of the same kind, where the act does not change his compensation or salary. It is admitted that appellant Ross, is the sheriff of a county, wherein the population is in excess of seventy-five thousand, and in such counties, the compensation of the sheriff is a yearly salary of $5,000.00, the compensation of his deputies and the necessary expenses of his office, and this compensation is paid to him monthly out of the treasury of the state. A sheriff of such a county is required monthly to remit to the Auditor of Public Accounts all the money received by or for him as fees or compensation for official duties, and his salary, and that of his deputies and office expenses, is paid to him out of seventy-five per centum of the amounts remitted by him to the auditor, and the remainder of the money received by or for him as fees and compensation for official duties, remains the property of the state. Sections 1761, 1762, 1763 and 1764, Kentucky Statutes. It is admitted, in the record, that seventy-five per centum of the money paid into the treasury by appellant, Ross, and which was received by him for official services, each year, exceeds by many thousands of dollars, the amount of his salary, compensation of deputies and necessary expenses of his office, and that the reduction of the commission for collecting the school taxes, can not and does not make any

change in his compensation, as sheriff.  There can be no question of the power of the legislature to lessen the rate of commission which an officer shall receive for the collection of public moneys, unless in so doing it makes a change in his salary or compensation after his election or during his term of office.

It is insisted, that if chapter 36, Session Acts, 1920, *supra,* has the effect of lessening the commission of sheriffs of counties containing a population of 75,000, or more, for collecting the county school taxes for the years 1920 and 1921, it would violate section 59 of the Constitution, and especially subsections 15, 18, 25 and 29, of that section, which provide that no local or special act shall be enacted to authorize, or to regulate the levy, assessment or collection of taxes; or to create, increase or decrease fees, percentages or allowances to public officers; or to provide for the management of common schools; or where a general law can be made applicable. The act, however, is a general one and regulates the commission to, be received by the sheriff for collecting the county school tax, in every county of the Commonwealth and while it may not have application to the sheriffs of counties containing less than 75,000 inhabitants, for the years 1920 and 1921, because enacted during their terms of office, and would have the effect of changing their compensation for official services after their respective elections, as they do not receive salaries, such is no reason why it should not take immediate effect, in counties of 75,000 population or more, where the sheriffs receive salaries, which are not affected by the taking effect of the act and where no constitutional inhibition exists to its effect.  The only reason for the act not applying to every sheriff in the state, for the years 1920 and 1921, is not that it is a special or local act, but, because of the constitutional inhibition, that the salary or compensation of a public officer shall not be changed after his election and during his term of office.  Section 106 of the Constitution placed counties having a population of 75,000 or more in a class to themselves, by providing that the sheriffs of such counties should receive salaries to be fixed by the law making power and which should be paid out of the state treasury.  A statute dealing with such counties as a class, has never been held to be a local or special act, within the meaning of section 59, of the Constitution.  The sheriffs of such counties are the only ones

required to pay over the fees and compensation for their official services to the state, and to receive a salary, instead of fees and commissions, and the acts of the General Assembly making such requirements have been held valid and not violative of section 59, *supra*. Winston v. Stone, etc., 19 K. L. R. 1483; Stone v. Wilson, 19 K. L. R. 126. As a reason for requiring the county of Jefferson to pay to the sheriff, Ross, a commission equal in amount to four per centum of the school taxes collected by him for the years 1920 and 1921, and by him to be paid over to the auditor of state, is that the legislature has the power to impose fees for official duties, to be paid by counties, and paid into the treasury, as held in Neutzel v. Fiscal Court, etc., 183 Ky. 1. There can be no doubt of the truth of that contention, and in that case the payment by counties of fees for official duties was imposed by statute, which when paid was required to be paid into the state treasury, but, that principle can have no application, in this case, where the commission is not due by the statute law, nor required to be paid by the county.

The record shows, that the commission of four per centum deducted from the common school tax by the sheriff, for the year 1920, had been paid by him to the Auditor of Public Accounts, before this action was brought and before any notice was brought home to him, that he had collected from the school board, a commission in excess of what he was entitled to, but, the petition alleges that the excess of commission for the collections for the year 1921, was still in the hands of the sheriff at the time of the bringing of this action, and it is not denied. It seems that the excess of commissions upon the taxes for 1920, was collected by him from the school board, in good faith and by color of law, and having been paid over by him to the proper authorities to whom he was required by law to pay all compensation for his official services, before notice of any contrary claim of right, the school board can not now recover it from him, except whatever portion of the excess commission, if any, he received back from the state in payment of his salary, compensation for his deputies and office expenses. The excess of commissions upon the collection of the school taxes, for the year 1921, being still in his hands, when served with summons, in this action, the judgment against him for same was properly rendered. The appellant, Ross, in the collection of the commissions, and

paying over the same to the auditor acted in the nature of an agent for the state and where an agent receives money for his principal without any notice that the money is wrongfully obtained and pays it over to his principal, he can not be held liable, and the same rule applies to an officer collecting public moneys, who illegally makes collections, by color of law and in good faith pays it to the proper authorities, he is not responsible. Meacham on Public Officers, Sec. 694; Crutchfield v. Wood, 16 Ala. 702; Dotson v. Kirkpatrick, 23 K. L. R. 2042; Ray v. Woodruff, 168 Ky. 563; 2 C. J. 823.

The judgment against Ross for the excess of commissions deducted from the school taxes, for the year 1921, is affirmed, but the judgment against him for the commissions upon the taxes for the year 1920, is reversed and the judgments in favor of Ross against Jefferson county are reversed, and this cause is now remanded for proceedings, not inconsistent with this opinion, and the parties may amend their pleadings, if they desire to do so, so as to present the facts in controversy rendered necessary by this opinion.