David WILKINS, Appellant,

v.

**KENTUCKY RETIREMENT SYSTEMS BOARD OF TRUSTEES, Appellee.**

No. 2007–SC–000950–DG.

Supreme Court of Kentucky.

Jan. 22, 2009.

William C. Jacobs, Lexington, KY, Counsel for Appellant.

Katherine I. Rupinen, Kentucky Retirement Systems, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

This appeal asks and answers one question: When the deadline for filing a legal document falls on a "legal holiday" as designated by KRS 2.110, but the courthouse remains open that day, does the petitioner still get the extra day to file under KRS 446.030? We opine that the petitioner receives an extra day to file, even though the courthouse remains open on a legal holiday. Therefore, we reverse the Court of Appeals.

The Appellee, Kentucky Retirement Systems Board of Trustees, denied Appellant David Wilkins' disability retirement benefits and advised appellant that he had thirty days to appeal the decision to the Franklin Circuit Court. The thirtieth day fell on a Sunday, and Monday was Columbus Day, a legal holiday per KRS 2.110(1). Appellant filed his appeal on Tuesday and the circuit court dismissed the appeal as untimely, because the Franklin Circuit Court had remained open on Columbus Day. The Court of Appeals affirmed, reasoning that "the days listed in KRS 2.110 are not *required* legal holidays," but are "permissible holidays," from which the Court of Justice "may" designate "legal holidays." The Court of Appeals held that, because the Court of Justice did not designate Columbus Day as a "legal holiday" in 2005, the appeal was a day late.

 KRS 13B.140 allows a party thirty days in which to appeal a final adminis-trative agency decision (from the executive branch) to the judicial branch. KRS 446.030 provides in pertinent part:

> In computing any period of time prescribed or allowed by order of court, or by any applicable statute or regulation, the day of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, a Sunday, *a legal holiday,* or a day on which the public office in which a document is required to be filed is actually and legally closed, in which event the period runs until the end of the next day which is not one (1) of the days just mentioned. (emphasis added).

KRS 2.110(1) declares certain dates, including "the second Monday in October (Columbus Day) . . . *are* holidays, on which all the public offices of this Commonwealth *may* be closed." (emphasis added). The dates enumerated in KRS 2.110 are the Commonwealth's "legal holidays."[1] *Gish v. Brown,* 338 S.W.2d 383, 383 (Ky.1960); *Louisville & Jefferson County Planning & Zoning Comm'n v. Ogden,* 307 Ky. 362, 210 S.W.2d 771, 772 (1948).

 Appellant argues that Columbus Day is a "legal holiday" pursuant to KRS 2.110 and therefore he had until Tuesday, October 11, 2005, to file his petition. We agree. Statutory construction is a matter of law, considered de novo by an appellate court. *Revenue Cabinet v. Hubbard,* 37

1. KRS 2.110, "Public holidays" provides:
 (1) The first day of January (New Year's Day), the third Monday of January (Birthday of Martin Luther King, Jr.), the nineteenth day of January (Robert E. Lee Day), the thirtieth day of January (Franklin D. Roosevelt Day), the twelfth day of February (Lincoln's Birthday), the third Monday in February (Washington's Birthday), the last Monday in May (Memorial Day), the third day of June (Confederate Memorial Day, and Jefferson Davis Day), the fourth day of July (Independence Day), the first Monday in September (Labor Day), the second Monday in October (Columbus Day), the eleventh day of November (Veterans Day), the twenty-fifth day of December (Christmas Day) of each year, and all days appointed by the President of the United States or by the Governor as days of thanksgiving, are holidays, on which all the public offices of this Commonwealth may be closed.

S.W.3d 717, 719 (Ky.2000). KRS 2.110 does not state that the enumerated dates "may" be designated by the Court of Justice (COJ) as legal holidays. The word "may" in KRS 2.110(1) refers to and allows, but does not mandate, all public offices to be closed on the listed holidays. The decision whether to close its offices on these days is up to the COJ (like any other public office), but its decision does not affect the day's status as a legal holiday.[2] The Court of Appeals holding was in error.[3]

In *Gish*, 338 S.W.2d at 383, our predecessor, the Court of Appeals, dealt with CR 6.01, which, like KRS 446.030, grants the petitioner an extra day to file a document (an answer in *Gish*) when the deadline falls on a "legal holiday." *Gish* held that if KRS 2.110 designated the date as a holiday, the petitioner received an extra day for filing. Pursuant to KRS 2.110, Columbus Day was a legal holiday in 2005. Therefore, the Appellant *was* entitled to the extra day to file. Although the COJ *could* have closed the courts on that day, its decision not to close did not affect the status of Columbus Day as a "legal holiday."

For the foregoing reasons, we reverse the Court of Appeals' decision and remand with instruction to the circuit court to accept as timely filed, the petition tendered on October 11, 2005.

All sitting. All concur.

---

2. The Court of Appeals appears to be confusing "legal holidays", with the Court of Justice's holiday schedule, which designates certain days as holidays (days off) for employees. "Legal holidays" are set by KRS 2.110, not by the Court of Justice's holiday schedule.

3. The language of KRS 446.030 "a Saturday, a Sunday, a legal holiday, or a day on which the public office ... is actually and legally closed ...," creates four classes of days, not three. "The presumption is that the Legislature intends an Act to be effective as an entirety. No rule of statutory construction has been more definitely stated or more often repeated than the cardinal rule that significance and effect shall, if possible, be accorded to every part of the Act." *George v. Scent*, 346 S.W.2d 784, 789 (Ky.1961). *See also, Ross v. Board of Education*, 196 Ky. 366, 244 S.W. 793 (1922); *DeStock No. 14, Inc. v. Logsdon*, 993 S.W.2d 952 (Ky.1999). "[A] day on which the public office ... is actually and legally closed[,]" is a separate group from "a legal holiday," not a modification of "a legal holiday". The Court of Appeals reasoning would render the words "a legal holiday" superfluous.