Thomas **WEIRD**, Appellant,

v.

Eric **EMBERTON**, Appellee.

No. 2008–SC–000372–DG.

Supreme Court of Kentucky.

March 18, 2010.

Kyle Anthony Burden, Mulhall, Turner, Coombs & Malone, P.L.L.C., Louisville, KY, Counsel for Appellant.

Andrew King Gailor, The Gailor Law Office, P.L.L.C., Louisville, KY, Counsel for Appellee.

## OPINION OF THE COURT

In this appeal, we must answer whether the early closing of a public office in observance of a local event operates to extend the time for filing a legal document where the filing deadline otherwise falls on the day of the early closure. Because KRS 446.030 grants an extension in just such circumstances, we answer in the affirmative. Accordingly, the Court of Appeals erred in dismissing the instant appeal as untimely.

A judgment was entered against Appellant, Thomas Weird, by the Jefferson Circuit Court on April 3, 2007, making May 3, 2007, the deadline for filing a notice of appeal from the judgment. On the afternoon of May 3, 2007, Appellant attempted to file a notice of appeal in the Jefferson County Circuit Clerk's Office. However, the office had closed early that afternoon in observance of the Kentucky Derby Parade. Appellant returned the next day and filed the notice of appeal.

Appellee, Eric Emberton, sought to have the appeal dismissed as untimely. Appellant responded to the motion, attaching the affidavit of his counsel's secretary, stating that she had attempted to file the notice of appeal at approximately 3:10 p.m. on May 3, 2007, but the Jefferson County Circuit Clerk's Office was closed. Also attached to the response was the affidavit of a deputy clerk, stating that although the office's normal business hours were 8:30 a.m. to 4:30 p.m., the office had closed at 3:00 p.m. on May 3, 2007. Upon these submissions, the Court of Appeals declined to dismiss the appeal as untimely.

Nevertheless, more than three months after the Court of Appeals' ruling and after Appellant had filed his brief in the Court of Appeals, Appellee filed a renewed motion to dismiss the appeal. Attached to the motion was another affidavit by the deputy clerk, stating that signs announcing the early closure of the office had been posted at the desk and in the window for about a week prior to May 3, 2007, and that "Appellant's Notice of Appeal could have been filed at any time across the street at the Jefferson District Court Criminal Traffic office.... This desk is open for filing all pleadings and notices of appeal twenty-four hours a day and 365 days a year." In light of this submission, a second Court of Appeals panel granted Appellee's renewed motion to dismiss the appeal, opining that the first panel's decision had been based on limited information.

This Court granted discretionary review and we now reverse the Court of Appeals decision. We recently examined the relevant statute, KRS 446.030, in the context of a factual scenario converse to that presented here. In *Wilkins v. Kentucky Retirement Systems Board of Trustees,* 276 S.W.3d 812 (Ky.2009), the deadline for filing the notice of appeal fell on Columbus Day. Although the local clerk's office had been open all that day, we held that the petitioner was entitled to an additional day to file his notice of appeal because KRS 2.110(1) deems Columbus Day a legal holiday, and KRS 446.030 provides in pertinent part:

In computing any period of time prescribed or allowed by order of court, or by any applicable statute or regulation, the day of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, a Sunday, a legal holiday, or a day on which the public office in which a document is required to be filed is actually

and legally closed, in which event the period runs until the end of the next day which is not one (1) of the days just mentioned.

In *Wilkins*, we explained that the decision to keep the Court of Justice Offices open on Columbus Day did not affect the date's status as a legal holiday, which was statutorily established by KRS 2.110(1). Accordingly, KRS 446.030, to which this Court has long given comity, as well as the similarly worded Rule of Procedure established by this Court, CR 6.01, allowed the petitioner an additional day to file.

KRS 446.030 also ensures that the legally prescribed filing period is not reduced by such external circumstances as those presented here. The statute grants an additional day to file when the filing deadline falls on a "day on which the public office in which a document is required to be filed is actually and legally closed." It is undisputed that the Jefferson County Circuit Clerk's Office closed early on May 3, 2007, Appellant's filing deadline. The fact that notices of the closure had been posted at the desk during the previous week does not deprive Appellant of the additional day granted by KRS 446.030. Likewise, the fact that the district court criminal traffic office was open and would have accepted the filing does not supersede the extra day granted by the statute. There is no contention that the notices posted at the circuit clerk's desk included information concerning the alternate filing location across the street or that any statute or local rule provided notice of the alternate filing location.

Moreover, the additional day granted by KRS 446.030 applies when the "public office in which a document is required to be filed" is closed. CR 73.02(b) provides that where an appeal is sought from an order or judgment of the circuit court, the filing fee shall be paid to the clerk of the circuit court at the time the notice of appeal is tendered. Thus, pursuant to CR 73.02(b), the "public office in which [this] document [was] required to be filed" was the circuit court clerk's office.

As the Jefferson County Circuit Clerk's Office closed early on the last day of the legally prescribed filing period, KRS 446.030 extended the filing deadline, rendering the notice of appeal timely. Accordingly, the Court of Appeals decision is hereby reversed and this cause is remanded for further consistent proceedings.

MINTON, C.J.; CUNNINGHAM, NOBLE, SCHRODER, SCOTT, and VENTERS, JJ., concur.

ABRAMSON, J., not sitting.