## Clark v. Mason County, By, Etc.

(Decided January 23, 1923.)

### Appeal from Mason Circuit Court.

Schools and School Districts—Collection of School Taxes—Commissions.—In estimating the compensation of a sheriff for collecting taxes in consolidated school districts for the years 1914-1917, it is proper to combine the funds collected therefrom with the other school and county revenue and to treat this amount as a single sum in computing his commissions.

WASHINGTON, BROWNING & REED for appellant.

W. H. REES for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Mason county has five consolidated school districts. The appellant as sheriff of that county collected taxes for some of those districts for the years 1914, 1915, 1916 and 1917, and for all of them a part of that time.

In estimating his compensation for that service the fiscal court treated the aggregate amount of taxes collected in all the districts as a single sum, and allowed appellant 10% commission on the first $5,000.00 and 4% on the overplus in excess of $5,000.00.

The county attorney for the county attacked this settlement and now contends that school taxes thus collected should for the purpose of computing the compensation of a collector be combined with the other school and county

revenues as a single sum and commission figured on that basis.

The appellant insists that each consolidated school is separate and distinct and its funds should be kept separate from every other fund, and the commissions computed separately.

It is conceded that there is no legal authority for the method adopted by the fiscal court and that if appellee's contention is upheld it should recover from the appellant the sum of $1,045.58, while if his view is upheld he should recover from it the sum of $928.93.

In a long line of decisions this court has held that all of the county taxes collected by the sheriff constitute a single fund in estimating the commissions due him. Pence's Admr. v. Nelson County, 107 Ky. 66; Pendleton County v. McMillan, 20 Ky. Law Reporter 1017.

In the case of Hill v. County Board of Education, 140 Ky. 259, it was decided that the pay of the sheriff for collecting the county levy is a charge against the general expense fund of the county. The amount to be raised for education is net.

To the same effect is Henry County Board of Education v. Jones, 140 Ky. 544. And in those cases as well as in Hall v. Ballard County, 140 Ky. 84, it was held that all taxes collected by a county, including school tax, constitute one fund, and in estimating the sheriff's commissions he is allowed commissions on them as a single fund.

In Madison County Fiscal Court v. McCord, 145 Ky. 727, the court cited with approval the doctrine of the above cases, and further said, "that all taxes levied by the fiscal court and collected by the sheriff for whatever purpose levied, constitute one fund, and that in estimating the sheriff's commissions for collecting these taxes, he is to be allowed commission on them as a single fund.

The learned counsel for appellant draws a distinction between a tax levied by the fiscal court for common schools or other purposes, which is collected from the county as a whole and so expended, and that of a district tax levied by a vote of the inhabitants, to be collected and used in that particular district. He insists that the amount of compensation of the collecting officer in these minor districts was not involved in any of the cases cited, and has never been decided by this court, and that it depends upon the construction to be given the statutes authorizing such schools to be established.

The first mention of consolidated schools is in the Act of March 24, 1908, chapter 56, section 17. This section simply authorizes the Board of Education to consolidate with reference to the needs of either white or colored children any two or more contiguous school subdistricts, and provides for houses and other accommodations, but makes no reference to a tax.

The same chapter, subsection 9, authorizes the school board to recommend to the fiscal court a levy to be made upon the property of the county outside of graded school districts and cities and towns having independent school systems. No provision is made for the collection of this county tax. In the second paragraph of that section authority is granted the voters of a subdistrict upon the petition of ten of those voters to determine as to a local tax in their subdistrict, and it is provided: "It shall be the duty of the sheriff of the county on his official bond to collect such tax and hold same subject to the order of the county board of education for the benefit of the subdistrict voting such tax, and said sheriff shall receive the same compensation therefor as for collecting state and county revenue." These provisions are embodied in Carroll's 1909 Statutes, section 4426a, subsections 17 and 9 respectively.

Under the act approved March 18, 1912, chapter 117, subsection 8, the county board of education was empowered to lay off a boundary including a number of subdistricts and to submit to the voters in that boundary the proposition of a tax sufficient to provide for consolidation of schools within that boundary and for transportation of pupils to and from said consolidated schools. The same provision is included in the act of March 18, 1916, chapter 24, section 84, and is now 4426a-9, Carroll's 1922 Kentucky Statutes.

No provision is made in this section as to the manner of the levy or the collection of the taxes, but in Davis v. Anderson, 171 Ky. 546, it was held that the board of education possessed this power. The first paragraph of 4426a-9 was readopted in substantially the same language by the act of March, 1918, and which appears in Kentucky Statutes, vol 3, 1918, as section 4457; the concluding part thereof to which reference is made above was also readopted in the act with some elaboration and appears in that statute as sections 4458-4463.

Appellant contends that inasmuch as neither of the acts authorizing the establishment of consolidated

schools and a tax to be voted in support thereof, contained any reference to the collection of the tax, that we must look to the concluding paragraph of section 4426a, statute 1909, and to section 4463b of the 1918 statutes for such authority—these sections being applicable to taxation in subdistricts, and providing that the sheriff shall receive the same compensation as he is entitled to receive in the collection of state and county revenue, which means 10% on the first $5,000.00 and 4% on all collected in excess of that sum in each district.

He further insists that the quotation, *supra,* from the McCord case, indicates that those funds which are to be regarded as a single sum in estimating the sheriff's commission must be restricted to such as are levied by the fiscal court, and urges that this construction is strengthened by the fact that graded schools and cities and towns having independent school districts that collect and spend their own money pay such compensation to their treasurers.

This sounds plausible, but it must be remembered that in the act of March, 1908, there is no reference to the collection of tax for either county or consolidated school purposes; that both collections are made at the same time; the management of the consolidated schools is under the control and authority of the board of education; that it not only levies the tax but is also empowered to supplement this tax fund out of the common school fund. Kentucky Statutes, section 4433a-1.

In view of this it is reasonable to assume that the legislature intended to treat the funds in these districts so far as collection is concerned in the same manner it treated the county funds. There is a wide difference between such taxes and those collected in graded and independent school districts, in which the trustees have absolute control of all matters pertaining to the school funds, and in which it could not be contended the county should pay the cost of collection.

It would seem that the decision of the court in the case of Commonwealth v. Mackoy, 168 Ky. 64, is directly in point. In that suit Mason County sought to recover from the sheriff certain sums which it was alleged he had withheld as commissions out of the school taxes collected by him in the Mayslick school subdistrict, and the court said:

"There is not as is insisted for appellee anything in section 4426a-9, Kentucky Statutes, allowing the sheriff

commissions to be paid out of the school tax collected by him in a subdistrict. In such case the sheriff must look for his compensation to the general expense fund of the county, and is not entitled to retain any part of the school levy as compensation for his collection.''

It is manifest that the county is under no obligation to pay the cost of collecting other than county taxes and that in adjudging it should pay the commissions the court in that case considered that, in the larger sense, the funds thus collected were county funds, and if so there can be no question that they should be combined with the other county revenue in a single sum in estimating the amount of his commissions. The lower court adopted this view and awarded a judgment against appellant for the sum of $1,045.58.

Perceiving no error therein the judgment is affirmed.