## Weber v. True et al.

May 6, 1947.

W. B. Ardery, Judge.

682

W. W. Burchett, Leslie W. Morris and Marion Rider for appellant.

Keenon & Odear for appellees.

Eldon S. Dummit, Attorney General, H. K. Spear, and Guy H. Herdman, Assistant Attorneys General, for Lincoln County Board of Education, amicus curiae.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellant, Carl Weber, is the Sheriff of Franklin County, which contains a population of less than 75,000. He was elected at the general election in November, 1945, and assumed the duties of his office on January 6, 1946. One of his duties is to collect all school taxes payable in the County, and at the time of his induction into office his fee for such collections was one per centum of the amount collected. KRS 160.500 (1946 Edition). This fee was increased to four per centum by the General Assembly at its 1946 session. Chapter 143, Acts of 1946, now compiled KRS 160.500 (1946 Edition). It is conceded that, in accordance with the schedule of fees and commissions in effect at the time of his induction into office, the fees and commissions received and to be received by him in each of the years of his term are and will be more than $5,000 in excess of the expenses of the office, including salaries of his deputies, and that such admitted excess is coverable into the Treasury of Franklin County. A controversy has arisen between the Sheriff and the Superintendent of Schools and Board of Education of Franklin County as to whether the Sheriff, during his term of office and thereafter so long as he may act as Special Tax Collector, is entitled to collect a commission of four per centum for the collection of school taxes as provided by the Act of 1946, or only a commission of one per centum as provided by the Statutes in force when he assumed the duties of the office as Sheriff. To determine this controversy this action

was filed under Section 639a—1 et seq. of the Civil Code of Practice.

Section 161 of the Constitution provides: "The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed."

Section 246 of the Constitution reads: "No public officer, except the Governor, shall receive more than five thousand dollars per annum, as compensation for official services, independent of the compensation of legally authorized deputies and assistants, which shall be fixed and provided for by law. The General Assembly shall provide for the enforcement of this section by suitable penalties, one of which shall be forfeiture of office by any person violating its provisions."

The Sheriff contends that, since he is limited by Section 246, supra, to $5,000 per year as compensation for himself, the fees he collects in excess of $5,000 over and above the necessary office expense and deputy hire cannot be construed as compensation to him, and since it is conceded that his fees will be far in excess of the constitutional limitation, the increase in commissions provided by the 1946 Legislature will not increase his compensation, therefore the Act is operative as to Franklin County during the entire term of his office. It is further contended that after his term of office as Sheriff expires, if he becomes Special Tax Collector, he will not be an officer or have any term of office within the meaning of Section 161 of the Constitution, hence additional compensation to him as Special Tax Collector will not be inhibited by Section 246 of the Constitution. It is contended by the County Superintendent and the School Board that the fees and commissions of the Sheriff constitute his compensation, the schedule for which may not be increased or decreased during his term of office, although he will be required to pay all sums in excess of $5,000 over and above his office expenses and deputy hire into the County Treasury, and that since his compensation as Sheriff cannot be increased during his term of office, neither can his compensation as Tax Collector be so increased.

The question in respect to the increase in compensation for such period of time as the Sheriff shall act as Special Tax Collector after his term as Sheriff shall have expired can be disposed of with few words. In so far as pertinent to this question, KRS 160.500 reads: "No allowance shall be made for the collection of school taxes to any collecting officer who continues to collect taxes after his term that would not be allowed him had he collected the taxes during his term."

It is obvious that this provision in the Statute, supra, places the Special Tax Collector in the same category as the Sheriff during his term of office; and if he is not permitted as Sheriff to collect in excess of one per centum of the taxes, he may not collect in excess of that amount as Tax Collector.

Thus, the two questions are resolved into one, and that question must be determined upon the proper construction to be given to the word "compensation" in its application to fee and commission collecting officers of the Commonwealth. The Legislature of 1920 adopted the Act which was in effect when appellant was inducted into office, and reduced the commission of the Sheriff for collecting school taxes from four per centum to one per centum of such collections. Acts 1920, c. 36. After the passage of the 1920 Act a suit was instituted to test its applicability to Jefferson County, whose population is more than 75,000 and whose Sheriff and his deputies receive fixed salaries, and such salaries together with the expenses of the Sheriff's office are paid out of the State Treasury. It was held in that case that the fees and commissions collected by the Sheriff did not constitute compensation, because the amount of such fees and collections in no manner regulated the compensation which was fixed by law. In arriving at this conclusion, the Court said: "The (1920) act, however, is a general one, and regulates the commission to be received by the sheriff for collecting the county school tax in every county of the commonwealth, and, *while it may not have application to the sheriffs of counties containing less than 75,000 inhabitants for the years 1920 and 1921, because enacted during their terms of office, and would have the effect of changing their compensation for official services after their respective elections, as they do not receive salaries,* such is no reason why it

should not take immediate effect in counties of 75,000 population or more where the sheriffs receive salaries which are not affected by the taking effect of the act, and where no constitutional inhibition exists to its effect. *The only reason for the act not applying to every sheriff in the state for the years 1920 and 1921 is not that it is a special or local act, but because of the constitutional inhibition that the salary or compensation of a public officer shall not be changed after his election and during his term of office."* (Our emphasis.)

Ross v. Board of Education, 196 Ky. 366, 244 S. W. 793, 798. The effect of that decision is that, where the sheriff is paid a fixed salary out of the State Treasury, the fees collected by him do not constitute any part of his compensation. But we think the converse likewise is true. The members of the Constitutional Convention provided for two methods of compensation for public officers, one by fees, the other by salaries; and Section 106 of that instrument provides that the fees of county officers shall be regulated by law. That section further provides that, in counties or cities having a population of 75,000 or more, certain officers, including sheriffs, shall be paid a fixed salary out of the State Treasury to be fixed by law. In enacting Section 161, forbidding the compensation to be changed after the officer's election or appointment or during his term of office, it is obvious that the Convention referred to such change as might be made by the legislative branch of the Government. Thus, the compensation forbidden to be changed refers to salaries in the case of those officers who are paid fixed salaries, and refers to fees, commissions, etc., of all other officers. It follows that where the Sheriff is dependent for compensation upon the fees and commissions collected by him, all such fees and commissions constitute his compensation, although under Section 246 of the Constitution he must account to the Fiscal Court of the County for that portion of his *compensation* which exceeds $5,000 over and above his deputy hire and office expense. In other words, the fees are payable directly to the Sheriff as compensation for his services and out of which he must pay the expenses of his office and the salaries or fees of his deputies. He is accountable to no one for the fees he collects, unless after payment of deputy hire and legitimate expenses the fees

exceed $5,000, the amount he is allowed under the Constitution to *retain* for his personal services. If the business of his office creates a surplus, such fact does not alter the situation. The excess, as well as the amount he is permitted to retain, constitutes his compensation. To reduce the fees is but to reduce his compensation, and to increase the fees is but to increase his compensation; and, as we have observed, his compensation cannot be decreased or increased by law except by reducing or increasing the schedule of his fees and commission. In Owen County Board of Education v. Kemper, 197 Ky. 407, 247 S. W. 25, 26, the Court held the 1920 Act to be inapplicable to the incumbent of the office of Sheriff of Owen County, because it would have the effect of reducing his compensation during his term of office. The Court said it was invalid "as to those who had not reached the constitutional limit of salary." Unquestionably that decision was correct; but the Court did not decide the Act's applicability to the situation presented here; and there is nothing recited in the opinion in the Owen County case which can be construed to be in conflict with our decision in this case. We think the Chancellor was correct in his determination that the 1946 Act is not applicable to sheriffs of counties containing less than 75,000 population who were elected prior to the effective date of the Act. It follows that it will not be applicable to them as special tax collectors after their terms as sheriff expire.

The judgment is affirmed.