## Dickson, Sheriff, et al. v. Jefferson County Board Of Education et al.

October 18, 1949.

Rehearing denied January 31, 1950.

Samuel Steinfeld, Andrew Hyman, and Hal Williams, Assistant Attorney General, for appellants.

Henry M. Johnson, Lucian L. Johnson, and Johnson & Johnson for appellees.

JUDGE CAMMACK—Affirming.

In 1946 the first paragraph of KRS 160.500 was amended so as to allow the tax collector a fee of four percent for collecting local school taxes instead of one percent. The sentence containing the amendment follows:

"The tax collector shall be entitled to a fee at the rate of four percent for the collection of school taxes, which fee may be charged only for collecting or receiving school taxes or school funds received from the local school levy." No change was made in the second paragraph of KRS 160.500 which provides that a special tax collector in an independent school district may be allowed a fee for collecting local school taxes of not less than one percent nor more than four percent.

In the case of Weber v. True, 304 Ky. 681, 202 S. W. 2d 174, we held that the 1946 amendment was not applicable to sheriffs of counties containing a population of less than 75,000 who were elected prior to the effective date of the Act, and also that the amendment would not be applicable to them as special tax collectors after their terms as sheriff expired.

This case involves the applicability of the 1946 amendment to sheriffs in counties having a population of more than 75,000. Specifically, the question relates to the fee collected by the Sheriff of Jefferson County for collecting the Jefferson County school tax requested by the Jefferson County Board of Education and levied by the Fiscal Court of that County. The action was instituted by the Board of Education wherein it charged originally that the additional three percent allowed the Sheriff for collecting the local school taxes constituted a diversion of school funds in contravention of sections 180 and 184 of the Constitution, and therefore was void. This appeal is from a judgment upholding the contention of the appellees.

The constitutional background of the controversy

can be better understood by a reading of the applicable parts of the following three sections of our Constitution:

Section 180:

"The General Assembly may authorize the counties, cities or towns to levy a poll tax not exceeding one dollar and fifty cents per head. Every act enacted by the General Assembly, and every ordinance and resolution passed by any county, city, or town or municipal board or local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose." The first sentence of Section 184 establishes the Common School Fund. The second sentence provides:

"The interest and dividends of said fund, together with any sum which may be produced by taxation or otherwise for purposes of common school education, shall be appropriated to the common schools, and to no other purpose." Section 106 provides:

"The fees of county officers shall be regulated by law. In counties or cities having a population of seventy-five thousand or more, the Clerks of the respective Courts thereof (except the Clerk of the City Court), the Marshals, the Sheriffs and the Jailers, shall be paid out of the State Treasury, by salary to be fixed by law, the salaries of said officers and of their deputies and necessary office expenses not to exceed seventy-five per centum of the fees collected by said officers, respectively, and paid into the Treasury."

According to the pleadings and the proof, a fee of one percent is amply sufficient to cover the costs of collecting the local school tax, and the additional three percent will amount to an excess of between $50,000 and $60,000 per year.

In 1920, Laws 1920, c. 36, the General Assembly reduced the commission allowed for the collection of school taxes from four percent to one percent and provided that this charge should be made against the local school levy. In the case of Ross, Sheriff, v. Board of Education of Jefferson County, 196 Ky. 366, 244 S. W. 793, it was held that, since the salary of the Sheriff of Jefferson County was fixed by law in accordance with

the provisions of Section 106 of the Constitution, the 1920 Act was not applicable to that officer because the Act in no way changed his compensation. In the case of Owen County Board of Education v. Kemper, Sheriff, 197 Ky. 407, 247 S. W. 25, it was held that the 1920 Act did not apply to the incumbent sheriff of the county because it would have the effect of reducing his compensation during his term of office.. The 1920 Act was held inapplicable to sheriffs who had not reached the constitutional salary limit. In the Kemper case, however, the County was held bound for the deficit between four percent of the amount of all taxes collected and the amount chargeable to the local school fund under the 1920 Act.

Prior to the adoption of the 1920 Act and the decision in the Ross case, the gross amount produced by the local school levy was credited to the local school fund, the charge for the collection of that fund being made against the general county levy. Some of the early cases on this point are discussed in. the case of Clark v. Mason County, 197 Ky. 381, 247 S. W. 37. The same principle was followed in the Clark case which dealt with consolidated school district taxes in Mason County for the years 1914-17. In the Ross case it was said, 244 S. W. at page 797:

"To require the proceeds of a tax levied and collected under chapter 36, supra, (the 1920 Act) for purposes of common school education, to bear the costs of its collection, is not violative of either section 180 or 184 of the Constitution, as it is not the appropriation of a tax levied for one purpose to another purpose, for the taxes must be collected, and some one must be paid for it."

Similar reasoning is found in the opinion in the case of Board of Education of Louisville v. Sea, Tax Receiver, 167 Ky. 772, 181 S. W. 670. In the Sea case the constitutionality of an act encouraging the prompt payment of school taxes by allowing a discount on them was approved. During the course of the opinion it was said, 181 S. W. at page 673:

"Adopting this rule, we are forced to the conclusion that the language employed in section 180 of the Constitution means that taxes levied and collected for the purposes of carrying on one department of govern-

ment should not be devoted to the carrying on of another department of the government, and does not mean that the taxes levied, for whatever purpose, shall not be reduced in the process of their collection by a sum offered as an inducement to facilitate their collection.''

In commenting upon the applicability of section 184 of the Constitution to the discount provision it was said in the Sea opinion, 181 S. W. at page 674:

''Manifestly this language means that the fund referred to therein shall not be appropriated to any other purpose of government than to school purposes. We do not construe it to limit the power of the Legislature, or to prohibit the power of it to offer inducements to all the people alike to pay their taxes; but, if these taxes are paid, the sum so collected shall not be devoted to any other purpose than school purposes. It is contended, however, that within the meaning of that section of the Constitution, a tax is produced whensoever it is levied; and it is therefore argued that there is no power in the Legislature to subtract from any part of the taxes levied any sum for any purpose. To this we cannot agree. To our minds a tax is not produced until it is levied and collected, and, unless plainly prohibited, the levying power may reduce the sum levied in the process of collection in order to produce the collection fund, and that this constitutes no misappropriation of any produced fund.''

In many cases this Court has held that school funds, which are said to be state funds, cannot be used for other than school purposes. The immediate question, however, is, What constitutes a school fund? Vigorous arguments are advanced by the appellees in support of their contentions that the gross proceeds of a tax levied for school purposes constitute the local school fund. Indeed, in their cross-appeal they urge that the reasoning in the Ross case is unsound and that no commission should be allowed to the sheriff or anyone else for the collection of school taxes. This question is raised in amended pleadings. On the other hand, the argument is advanced that Section 106 of the Constitution itself presupposes that in counties having a population in excess of 75,000 there would be an excess of fees over and above the amount necessary to pay the salaries and expenses of certain local officers, including the sheriff, and

therefore the instant case involves no unconstitutional diversion of school funds. It is true that Section 106 of the Constitution addresses itself to the fees of county officers. The first sentence of that section reads:

"The fees of county officers shall be regulated by law."

It is true also that the statute in question, KRS 160.500, refers to the allowance made a sheriff for the collection of local school taxes as a fee, but it must not be overlooked that the part of the statute involved expressly provides:

"The tax collector shall be entitled to a fee at the rate of four percent for the collection of school taxes, which fee may be charged only for collecting or receiving school taxes or school funds received from the local school levy." There is a marked difference between a fee in its true concept and a tax. As said in 51 Am. Jur., Fees, Section 12:

"The distinction between a fee and a tax is one that is not always observed with nicety in judicial decisions, but any payment exacted by the state or its municipal subdivisions as a contribution toward the cost of maintaining governmental functions, where the special benefits derived from their performance is merged in the general benefit, is a tax." On the other hand, a fee is generally regarded as a charge for some particular service. As pointed out in the case of Neutzel, Clerk v. Fiscal Court of Jefferson County, 183 Ky. 1, 208 S. W. 11, the Legislature has the power to impose fees for official duties performed by county officers and to direct that the fees be paid into the State Treasury. But our primary consideration is directed toward a tax and not a fee in the true sense of the term.

We think the reasoning in the Ross and Sea cases is sound. There is an element of cost involved in the collection of any tax. We think no violence is done to either Section 180 or 184 of the Constitution when a reasonable charge is made against a local school tax for its collection. However, the express mandates of those sections must not be overlooked when a school tax is under consideration because under them a tax cannot be levied for school purposes and then used for other purposes. Under the facts presented in this case, it is

shown that the additional three percent allowed the Sheriff of Jefferson County under the 1946 Act for the collection of the Jefferson County School taxes will result in a diversion of more than $50,000 annually to purposes other than school purposes. This we believe to be in violation of both Sections 180 and 184 of the Constitution.

Judgment affirmed on both the appeal and the cross-appeal.