**Marlow W. COOK et al., Appellants,**

v.

**William D. CHILTON, by and for the BOARD OF TRUSTEES OF the COUNTY EMPLOYEES' RETIREMENT SYSTEM of the Commonwealth of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 14, 1965.

Henry V. B. Denzer, Mark Davis, Jr., and E. P. Sawyer, Louisville, for appellants.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

The appeal is from a judgment holding valid, as to the incumbent county judge of Jefferson County, the provision of the Kentucky County Employes' Retirement Law, contained in KRS 78.610, requiring members of the retirement system to contribute a percentage of their salaries to the system.

The Kentucky County Employes' Retirement Law, KRS 78.510 to 78.880, was enacted in 1958. Jefferson County elected in 1959 to participate in the system. The effect of this election was that any person

thereafter becoming an employe of the county automatically became a member of the system. KRS 78.540(1). This included elective officers such as the county judge. KRS 78.510(5).

Appellant Marlow W. Cook was elected as county judge in 1961 and took office in January 1962. At that time KRS 78.610 required an employe's contribution of two and one-half percent of salary. Thereafter, effective in June 1962, the General Assembly amended the statute to increase the contribution rate to four percent. Judge Cook refused to make contributions at either rate, thus precipitating the instant lawsuit.

Judge Cook's sole contention is that the statutory requirement of payment of contributions to the retirement system violates the prohibition of Sections 161 and 235 of the Kentucky Constitution against change of an elective officer's compensation during his term.

Obviously the imposition of the original two and one-half percent contribution could not constitute a change in Judge Cook's compensation during his term, because it was imposed before he took office.

■ As concerns the increase in the contribution rate to four percent after Judge Cook took office, we think the simple truth is that the pension contribution, though it literally and technically effects a reduction in monthly take-home pay, is not a change of compensation within the meaning of the constitutional provisions.

Under KRS 78.740 and 78.750, a member or his estate always will receive from the retirement system a minimum amount not less than the amount of his contributions to the system. However, this does not include interest on the contributions. Thus,

a member possibly could suffer a detriment by being deprived for a period of time of the present use of the amounts required to be contributed. Of course in the great majority of instances a member will receive by way of benefits considerably more than he has contributed.

■ The purpose of constitutional prohibitions against reduction of an officer's compensation during his term is to promote independence of the officer and to provide him a measure of security against improper pressures. See O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct. 740, 77 L. Ed. 1356. The obvious purpose of a pension system likewise is to promote independence and security. It would be a gross distortion of the meaning of the constitutional prohibitions to hold that they were intended to forbid a legislative act designed to achieve the very same objectives as the constitutional prohibitions.

Pension systems are designed to attract good men to public service and to encourage them to continue in that service, thus promoting the public interest by offering security to the officer. See Maybury v. Coyne, Ky., 312 S.W.2d 455. They are calculated to promote, rather than defeat, the purposes inherent in Sections 161 and 235 of our constitution. In our opinion it is a matter of no significance that in a few isolated instances, by chance of circumstances, the system might so operate as to subject an officer to a minor, incidental, financial detriment.

As concerns Wilson v. Marsh, 162 Neb. 237, 75 N.W.2d 723, which Judge Cook relies upon as supporting his contention, it is sufficient to say that we are not persuaded by its reasoning.

The judgment is affirmed.