**CALDWELL COUNTY FISCAL COURT; Van Knight, Judge Executive; Nicky Baker, Member; Linda Oliver, Member; Richard Capps, Member; Phillip Thomas, Member; Johnny Stone, Member; Charles Tinsley, Member; Ted Martin, Member; and George Kilgore, Member, Appellants,**

v.

**William Ralph PARIS, Caldwell County Surveyor, Appellee.**

No. 95–CA–3154–MR.

Court of Appeals of Kentucky.

May 30, 1997.

James S. Miller, Caldwell County Attorney, Princeton, for Appellants.

William E. Scent, Owensboro, for Appellee.

Before WILHOIT, C.J., and BUCKINGHAM and GUIDUGLI, JJ.

## OPINION

WILHOIT, Chief Judge.

This appeal is from the order of the Caldwell Circuit Court determining that the health insurance benefits provided by the appellants to the appellee constituted "compensation" for purposes of Section 161 of the Kentucky Constitution and concluding that the Caldwell County Fiscal Court (Fiscal Court) could not provide or deny those health benefits during the term of the appellee's office.

The appellee was appointed to the position of Caldwell County Surveyor in 1977 and has served consecutive four-year terms of office by election since that time. When the appellee entered office in 1990, he and the Caldwell County Fiscal Court agreed he would be compensated solely by fees. Apparently, the maximum compensation he could receive has never been set. See KRS 64.530(3) and 64.630. In November 1992, the Fiscal Court began providing health insurance to the appellee under a group policy covering county employees and officials. This insurance continued to be provided during the remainder of that term of office and into the following term which began in 1994. The appellee was notified that the coverage would end as of June 15, 1994, because the county had changed insurance carriers. Under its new group health insurance policy, only officials and employees who worked at least 30 hours each week were insurable.

The appellee brought this action, complaining that the health insurance benefits in question amounted to "compensation" for purposes of the Kentucky Constitution, so they could not be discontinued as that would amount to a change in his compensation during his term of office. He asked that the Fiscal Court either be required to provide him health insurance benefits for the remainder of his term or that it be required to pay him $122.12 per month, the cost of his health insurance, for the remainder of his term in office.

The trial court held that the health insurance premiums paid by the county were "compensation" under Section 161 of the Kentucky Constitution. It ruled that discontinuance of the coverage violated that section's prohibition against changing an official's "compensation" during his term in office. Consistent with this holding, the court concluded that the Fiscal Court's act of providing health insurance benefits in 1992 offended the same constitutional provision. It ordered that the appellee reimburse the county for premiums paid on his behalf in his previous term of office, but that the county either obtain health insurance on behalf of the appellee or pay him $122.12 per month for the remainder of his current term in office. This appeal followed.

Section 161 of the Constitution of Kentucky provides as follows:

> The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed.

Similarly, Section 235 of the constitution specifies that

> [t]he salaries of public officers shall not be changed during the terms for which they were elected; but it shall be the duty of the General Assembly to regulate, by a general law, in what cases and what deductions shall be made for neglect of official duties. This section shall apply to members of the General Assembly also.

■ A reading of the cases interpreting these sections of the constitution, as well as Section 246 which sets the maximum annual compensation which may be paid to public officers, convinces us that providing health insurance under a group policy covering county officials and employees does not constitute the payment of "compensation" or "salary" to those officials within the meaning of those terms as found in Sections 161, 235, and 246 of the Kentucky Constitution.

The authors and ratifiers of our present constitution could not possibly have envisioned what in our century has become the commonplace practice of employers furnishing benefits to employees over and above their salaries and wages. These benefits, which include such things as retirement plans, health and disability insurance, and even life insurance, are commonly known as "fringe benefits." While these benefits certainly cost the employer, they are not considered to affect the pay, wages, or compensation of the employee but are considered an additional benefit. Even though the decisions of the former Court of Appeals are not entirely consistent, *compare Manning v. Sims,* 308 Ky. 587, 213 S.W.2d 577 (1948) *with Noland v. Estill Cty.,* 304 Ky. 870, 202 S.W.2d 376 (1947), they leave little doubt that the judicial branch of government has long considered the constitution's reference to "compensation" and "salary" to mean the actual salary or fees paid to an officer. *See Dennis v. Rich,* Ky., 434 S.W.2d 632 (1968); *Cook v. Chilton,* Ky., 390 S.W.2d 656 (1965); *Weber v. True,* 304 Ky. 681, 202 S.W.2d 174 (1947).

Likewise, the two other branches of our government have so interpreted the constitution. Over the years, the legislative branch has passed statutes and budgets prepared by the executive branch and, approved by them, have provided public officials with "fringe benefits" such as health and life insurance and payments into retirement systems, while at the same time providing for those same officials an annual salary equal to the maximum amount of compensation permitted under Section 246 of the constitution as interpreted by *Matthews v. Allen,* Ky., 360 S.W.2d 135 (1962). *See, e.g.,* KRS 64.480; 64.485; 18A.210 and 18A.225.

If the "fringe benefits" paid to such public officials amounted to "compensation" in the constitutional sense, then the annual compensation of every public official who received the maximum salary permitted under Section 246 would have to be reduced by the value of the "fringe" benefits received each year. For this court to embark upon a new interpretation of the constitution in the face of that so long accepted by all branches of our government would not only be irresponsible, but jurisprudentially unwarranted. That also would be a sure prescription for fiscal

chaos at both the state and local levels of government.

It should be understood that we are not holding that the payment of a "fringe benefit" to a public official can never amount to "compensation" under the constitution. If, for example, some scheme were devised to raise the salary of a particular official through the subterfuge of paying certain benefits for him not uniformly available to similarly situated officials, that scheme would not likely pass constitutional muster. That is not the situation now before us. Here we are dealing with a fringe benefit which initially was provided to county officials and employees regardless of the time they spent in service to the county, and later was limited to those who spent at least 30 hours each week in service to the county. The provisions of health insurance to this group plainly was not a scheme to change the appellee's compensation during the two terms in question.

The order of the circuit court is reversed and this matter is remanded to that court for entry of an order dismissing the appellee's claim.

All concur.